# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA ALLISON, | : | Civil Action |
| Individually and as a representative of a class | : | No. 2:20-CV-06018-EAS-CMV |
| of similarly situated persons, on behalf of the | : | |
| L BRANDS, INC. 401 (K) SAVINGS | : | |
| AND RETIREMENT PLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| L BRANDS, INC., L BRANDS SERVICE | : | |
| COMPANY, LLC, THE RETIREMENT PLAN | : | |
| COMMITTEE OF THE L BRANDS, INC. | : | |
| 401 (K) SAVINGS AND RETIREMENT PLAN, | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | August 11, 2022 |
| _____ | : | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into as of August

11, 2022, by and among Plaintiff, Donna Allison ("Plaintiff"), on her own behalf and, subject to

court approval, on behalf of the proposed Class (defined below) and the L Brands, Inc. 401(k)

Savings and Retirement Plan (the "Plan"), on the one hand, and Defendants, L Brands, Inc., L

Brands Service Company, LLC, and the Retirement Plan Committee of the L Brands, Inc. 401(k)

Savings and Retirement Plan (collectively, "Defendants," and together with Plaintiff, the

"Parties"), on the other, in consideration of the promises, covenants, and agreements herein

described, and for other good and valuable consideration acknowledged by each of them to be

satisfactory and adequate.

The capitalized terms used in this Agreement are defined in Part I, below.

## RECITALS

**WHEREAS**, on November 23, 2020, Plaintiff filed the Action against Defendants in the United States District Court for the Southern District of Ohio, asserting certain claims for breach of fiduciary duty and other alleged violations under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, on behalf of the Plan and a proposed class of similarly-situated participants and beneficiaries of the Plan;

**WHEREAS**, on February 12, 2021, Defendants moved to dismiss Plaintiff's Complaint;

**WHEREAS**, on September 16, 2021, the Court entered an order denying Defendants' motion to dismiss Plaintiff's Complaint;

**WHEREAS**, during the course of litigation, the Parties engaged in meaningful discovery, briefed several motions, participated in other pretrial proceedings, and were able to fully evaluate the merits of the claims and defenses and alleged losses to the Plan;

**WHEREAS**, on October 18, 2021, this case was referred to mediation;

**WHEREAS**, on May 3, 2022, the Parties participated in a videoconference mediation session with David Geronemus of JAMS, a highly-qualified neutral mediator;

**WHEREAS**, the mediation session enabled the Parties to candidly exchange positions and supporting information concerning the claims and defenses in the Action and alleged losses to the Plan;

**WHEREAS**, the Parties, with the assistance of the Mediator, reached agreement in principle to resolve the Action on the evening of May 3, 2022;

**WHEREAS**, Defendants have vigorously denied, and continue to vigorously deny, any wrongdoing and any liability arising from the factual allegations and Claims set forth in Plaintiff's Complaint;

**WHEREAS**, the Parties have decided to enter into this Agreement because it provides substantial and meaningful benefits to the members of the Class and the Plan, and to avoid the substantial costs, uncertainties, and risks of continued litigation;

**WHEREAS**, entry into this Agreement is not an admission of liability by any of the Defendants, which Defendants continue to deny;

**NOW, THEREFORE**, it is agreed by, between, and among the undersigned that the Action shall be settled and dismissed with prejudice on the terms and conditions set forth herein, subject to judicial approval.

## I.    DEFINITIONS

1.1    "Action" shall mean this action, *Donna Allison v. L Brands, Inc., et al.*, Case No. 2:20-CV-06018-EAS-CMV (S.D. Ohio).

1.2    "Active Accounts" means Class Members' accounts in the Plan that have a positive balance as of the date of the Preliminary Approval Order.

1.3    "Administration Costs" means: (a) the costs and expenses associated with the production, dissemination, and publication of the Notice and Summary Notice; (b) all reasonable costs incurred by the Settlement Administrator in administering and effectuating this Settlement, including the costs of obtaining the Class Members' contact and account information and distributing the Settlement Amount, which costs are necessitated by performance and implementation of this Agreement and any court orders relating thereto; and (c) all reasonable fees charged by the Settlement Administrator; (d) fees of the Plan Recordkeepers, not to exceed $10,000, relating to identifying the names, mailing addresses, and email addresses of Class Members and implementing the Settlement, including facilitating the distribution of funds under the Plan of Allocation and gathering the data necessary to prepare the Plan of Allocation; (e) all

fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715 ("CAFA"); and (f) the Independent Fiduciary Fees and Costs and all fees and expenses of the Escrow Agent.   Administration Costs shall be paid from the Settlement Amount.

1.4    "Alternate Payee" means a person, other than a Participant, Former Participant, or Beneficiary, who is entitled to a benefit under the Plan as a result of a valid QDRO, as determined by the Plan Administrator on or before the date of the Preliminary Approval Order, where the QDRO relates to a Participant's balance in the Plan or a Former Participant's balance in the Plan.

1.5    "Attorneys' Fees and Expenses" means any and all attorneys' fees, costs (including fees and costs charged or incurred by retained experts or consultants), and expenses of Class Counsel for their past, present, and future work, efforts, and expenditures in connection with the Action and Settlement.

1.6    "Authorized Former Participant" means a Former Participant who has submitted a Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Approval Order, and whose Former Participant Claim Form is accepted by the Settlement Administrator and determined by the Settlement Administrator to be complete and satisfactory.

1.7    "Beneficiary" means a person who is entitled to receive a benefit under the Plan, as determined by the Plan Administrator on or before the date of the Preliminary Approval Order, that is derivative of a deceased Participant's or Former Participant's interest in the Plan, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child, or other individual or trust designated by the Participant or Former Participant or determined under the terms of the Plan to be entitled to a benefit.

-4-

1.8     "Case Contribution Award" has the meaning ascribed to it in Section 7.1.

1.9     "Claims" means the claims asserted in the Action.

1.10    "Class" or "Settlement Class" means all participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants, including members of the Administrative Committee during the Class Period.

1.11    "Class Period" means at any time on or after November 23, 2014, through and including the date on which the Preliminary Approval Order is entered.

1.12    "Class Counsel" means Miller Shah LLP.

1.13    "Class Members" means all individuals in the Settlement Class.

1.14    "Court" means the United States District Court for the Southern District of Ohio.

1.15    "Class Representative" means Donna Allison.

1.16    "Defendants" means L Brands, Inc., the L Brands Service Company, LLC, and the Retirement Plan Committee of the L Brands, Inc. 401(k) Savings and Retirement Plan ("Administrative Committee").

1.17    "Defendants' Counsel" means Morgan, Lewis & Bockius LLP.

1.18    "Defendant Released Parties" means: (a) each Defendant; (b) each Defendant's insurers, co-insurers, and reinsurers; (c) each Defendant's past, present, and future parent corporation(s); (d) each Defendant's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) with respect to (a) through (d) above, the past, present and future members of their respective boards of trustees

-5-

or boards of directors, agents, directors, partners, officers, managers, members, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan, including Plan Recordkeepers (including their owners, officers, and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; (f) the past, present and future members of the Administrative Committee; and (g) the Plan and all of the Plan's current and former fiduciaries, administrators, plan administrators, trustees, recordkeepers, service providers, consultants, and parties-in-interest.

1.19 "Effective Date" means: (a) the date upon which the applicable period to appeal the Final Approval Order and Judgment has expired, if no appeal is taken during such period; or (b) if, during the appeals period, an appeal is taken from such Final Approval Order and Judgment, the date upon which all appeals, including further petitions for review, rehearing, or *certiorari*, and any proceedings resulting therefrom ("Review Proceedings"), have been finally disposed of, or the date upon which the applicable period to initiate all such further petitions or proceedings has expired. The Parties agree that absent an appeal or other attempted Review Proceeding, the Effective Date of the Final Approval Order is thirty-five (35) calendar days after its entry by the Court. It is expressly agreed by the Parties and their counsel that no Party intends this section or any other part of this Agreement to establish or acknowledge that anyone is entitled to or has the right to appeal from the Final Approval Order and Judgment.

1.20 "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, as amended.

-6-

1.21 "Escrow Agent" means the entity chosen and approved by the Parties to act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Settlement Fund pursuant to this Agreement.

1.22 "Fee and Expense Application" means the petition to be filed by Class Counsel seeking approval of an award of Attorneys' Fees and Expenses.

1.23 "Final Approval Hearing" or "Fairness Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Agreement should receive final approval by the Court. The Parties will request that the Final Approval Hearing be scheduled for a date no earlier than one hundred and twenty (120) calendar days after the entry of the Preliminary Approval Order.

1.24 "Final Approval Order and Judgment" means a final order entered by the Court after the Final Approval Hearing, substantially the same in all material respects to that attached hereto as Exhibit F (subject to the Court's discretion on awarding Attorneys' Fees and Expenses and Case Contribution Awards, as stated in Sections 7.1 and 7.2), granting approval of the Settlement and dismissing the Action with prejudice. The Parties may agree to additions or modifications to the form of the Final Approval Order and Judgment as they agree are appropriate at the time that it is submitted to the Court for final approval of the Settlement.

1.25 "Financial Institution" means an institution at which an account is established to hold any portion of the Settlement Fund.

1.26 "Former Participant" means any Class Member who maintained a positive balance in the Plan at any time during the Class Period, but who does not have an Active Account with the Plan as of the date of entry of the Preliminary Approval Order.

1.27    "Former Participant Claim Form" means the form, identical in all material respects to that attached hereto as Exhibit D, to be provided to Former Participants and returned to the Settlement Administrator by Former Participants and Beneficiaries.

1.28    "Independent Fiduciary" means the person or entity selected by Defendants to serve as an independent fiduciary to the Plan with respect to the Agreement as defined in Section 2.6.

1.29    "Independent Fiduciary Fees and Costs" means all reasonable fees, costs, and expenses of the Independent Fiduciary. The Independent Fiduciary Fees and Costs shall be paid from the Settlement Fund after such funds are deposited with the Escrow Agent and upon receipt of an invoice from the Independent Fiduciary.

1.30    "Net Settlement Amount" means the Settlement Amount minus: (a) all Attorneys' Fees and Expenses paid to Class Counsel; (b) the Case Contribution Award; and (c) all Administration Costs (and any contingency reserve for Administration Costs).

1.31    "Notice" means the notice, identical in all material respects to that attached hereto as Exhibit B, to be provided directly to Class Members pursuant to Section 2.5 and made available on the Settlement Website.

1.32    "Participant" means any Class Member who maintained a positive balance in the Plan at any time during the Class Period and has an Active Account in the Plan.

1.33    "Parties" means Plaintiff and Defendants.

1.34    "Plaintiff" means Donna Allison, individually and as a representative of the Class and the Plan.

1.35    "Plan" shall mean the L Brands, Inc. 401(k) Savings and Retirement Plan, and each of its predecessor plans and successor plans, individually and collectively, and any trust created under such plans.

1.36    "Plan Administrator" means the Administrative Committee and its designee(s).

1.37    "Plan of Allocation" means the framework for allocating the Settlement Fund that is approved by the Court, which shall be substantially the same in all material respects to the form attached hereto as Exhibit C.

1.38    "Plan Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.39    "Preliminary Approval Order" means an order entered by the Court preliminarily approving the Settlement, pursuant to Section 2.2, which order is substantially the same in all material respects to that attached hereto as Exhibit A.

1.40    "QDRO" means, for the purposes of this Agreement, a valid Qualified Domestic Relations Order as defined in 29 U.S.C. § 1056(d)(3)(K), and as determined by the Plan Administrator on or before the date of the Preliminary Approval Order.

1.41    "Released Claims" means any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, rights, obligations, damages, and liabilities (including claims for attorneys' fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort, equity, or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Defendant Released Parties and Defendants' Counsel through the date the Court enters the Final Approval Order and Judgment:

a)  That were asserted in the Action, or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, occurrences or the conduct alleged or asserted in the Action or could have been alleged or asserted in the Action, whether or not pleaded in the Complaint;

b)  That arise out of, relate to, are based on, or have any connection with: (1) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's service providers, including without limitation, its administrative and/or recordkeeping service providers; and (2) the selection, nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; (3) fees, costs, or expenses charged to, paid, or reimbursed by the Plan; (4) the services provided to the Plan or the cost of those services; (5) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the Plan's investment options or service providers or associated fees, expenses, or costs; (6) engaging in self-dealing or prohibited transactions in related to the Plan's investment options or service providers, or any alleged breach of the duty of loyalty, care, or prudence; and/or (7) any assertions with respect to any fiduciaries or service providers of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing; or

c)  That would be barred by *res judicata* based on entry of the Final Approval Order and Judgment;

d)  That relate to the direction to calculate, the calculation of, or the method or manner of allocation of the Settlement Fund in accordance with the Plan of Allocation

-10-

or to any action taken or not taken by the Settlement Administrator in the course of administering the Settlement; or

e) That relate to the approval by the Independent Fiduciary of the Settlement; and

f) The Class Representative, Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

1.42 "Released Claims" does not include any claims that the Class Representative or the Settlement Class have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final. The Released Claims shall not include claims to enforce the covenants or obligations set forth in this Agreement.

1.43 "Settlement" means the compromise and resolution embodied in this Agreement.

1.44 "Settlement Administrator" means Strategic Claims Services.

1.45 "Settlement Amount" means two million, seven hundred fifty thousand dollars ($2,750,000.00). The Settlement Amount shall be the full monetary payment made on behalf of Defendants in connection with the Settlement effectuated through this Agreement.

1.46 "Settlement Fund" has the meaning set forth in Section 3.1(b).

1.47    "Settlement Website" has the meaning set forth in Section 2.5.

1.48    "Summary Notice" shall mean the notice, identical in all material respects to that attached hereto as Exhibit B-1, to be issued as a press release by the Settlement Administrator.

1.49    "Taxes" has the meaning set forth in Section 3.1(i).

1.50    "Tax-Related Costs" has the meaning ascribed to the term in Section 3.1(i).

1.51    "Unknown Claims" means any Released Claims that Plaintiff or any Class Members do not know or suspect to exist in their favor at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with the Defendants and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement. Plaintiff or any Class Member may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff and all Class Members, upon the date of the Court's entry of the Final Approval Order and Judgment, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and all Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged that the foregoing waiver was bargained for and is a key element of the Settlement, of which their release and waiver of Unknown Claims is a part.

## II.     SETTLEMENT APPROVAL

2.1     ***Motion for Class Certification.*** In conjunction with her Motion for Preliminary

Approval, Plaintiff shall move the Court for certification of the Class for settlement purposes

only. Defendants will not object to Plaintiff's motion for class certification for settlement

purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1). If the Court does

not issue the Final Approval Order and Judgment, then no Class shall be deemed to have been

certified by or as a result of this Agreement, Defendants shall not be deemed to have admitted

the propriety of certification of the Class under any provision of Federal Rule of Civil Procedure

23, and the Action shall for all purposes revert to its status on May 3, 2022.

2.2     ***Motion for Preliminary Approval.*** No later than July 11, 2022, Plaintiff shall

move the Court for preliminary approval of the Settlement, including entry of an order identical

in all material respects to the form of the Preliminary Approval Order. Defendants will not object

to Plaintiff's motion for preliminary approval of the Settlement but reserve the right to make a

submission related to the motion.

2.3     ***Rights of Exclusion.*** Class Members shall not be permitted to exclude themselves

from the Class.

2.4     ***Right to Object.*** Class Members shall be permitted to object to the Settlement.

Requirements for filing an objection shall be set forth in the Preliminary Approval Order and in

the Notice.

2.5     ***Class Notice***.

a)      Within forty-five (45) calendar days of the entry of the Preliminary

Approval Order or as may be modified by the Court, the Settlement Administrator shall

send the Notice by electronic mail (if available) or first-class mail to the Class Members.

-13-

The Notice shall be sent to the last known electronic mail address or last known mailing address of the Class Members that is reasonably obtainable from the Plan Recordkeeper. The Settlement Administrator shall update mailing addresses through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and re-mail such Notice one additional time if an updated location is identified. The Settlement Administrator shall also cause the Summary Notice to be issued as a press release with national distribution within forty-five (45) calendar days of entry of the Preliminary Approval Order.

b)     The Former Participant Claim Form must be returned to the Settlement Administrator within one hundred ten (110) days of entry of the Preliminary Approval Order by all Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, who wish to receive the benefits of this Settlement. For each such Former Participant, Beneficiary, or Alternate Payee that has not returned the Former Participant Claim Form within seventy-five (75) days of the entry of the Preliminary Approval Order, the Settlement Administrator will send within ten (10) days thereafter a post card by electronic mail (if available) or first class mail, postage prepaid, to such Class Member notifying them again of the deadline by which to submit the Former Participant Claim Form, unless the previous mailings and communications to the Class Member have been returned as undeliverable and the Settlement Administrator is unable to identify a valid electronic mail or physical mailing address through the exercise of reasonable and good faith efforts.

c)     Within forty-five (45) calendar days of the entry of the Preliminary

Approval Order and no later than the first date that the e-mailing or the mailing of the

Notice occurs, or as may be extended by the Court on application of the Parties, the

Settlement Administrator shall establish a website containing the Notice and this

Agreement and its exhibits, the Complaint, the motions for preliminary approval and final

approval (when filed); the motion for Attorneys' Fees and Expenses and Case

Contribution Award (when filed); any approval order or other Court orders related to the

Settlement, any amendments or revisions to these documents, and any other documents or

information mutually agreed upon by the Parties. The Settlement Website URL web

address shall be mutually agreed upon by the Parties. No other information or documents

(other than the date, time, and location of the Fairness Hearing and the toll-free number

for the call center described in Paragraph 2.5(d) below) will be posted on the Settlement

Website unless agreed to in advance by the Parties in writing. The Notice will identify the

web address of the Settlement Website. The Settlement Administrator will take down the

Settlement Website ninety (90) days after it sends notice to Class Counsel and Defense

Counsel that it has completed all aspects of the Plan of Allocation.

d)     Within forty-five (45) calendar days of the entry of the Preliminary

Approval Order and no later than the first date that the e-mailing or the mailing of the

Notice occurs, or as may be extended by the Court on application of the Parties, the

Settlement Administrator shall establish a toll-free telephone number to which Class

Members can direct questions about the Settlement. The Settlement Administrator shall

develop a question-and-answer type script for the use of persons who answer calls to this

line.

-15-

2.6    ***Approval of Settlement by Independent Fiduciary.*** The Independent Fiduciary

retained by Defendants on behalf of the Plan shall have the following responsibilities on behalf

of the Plan:

      a)      The Independent Fiduciary shall determine whether to approve and

authorize the settlement of Released Claims on behalf of the Plan.

      b)      The Independent Fiduciary shall comply with all relevant conditions set

forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and

Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the

United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"),

in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.

      c)      The Independent Fiduciary shall notify Class Counsel and Defendants'

Counsel of its determination in writing and in accordance with PTE 2003-39, which

notification shall be delivered no later than thirty (30) calendar days before the Fairness

Hearing.

      d)      Defendants, Defendants' Counsel, Plaintiff, and Class Counsel shall

cooperate with the Independent Fiduciary and provide the Independent Fiduciary with

sufficient information so that the Independent Fiduciary can review and evaluate the

Settlement.

      e)      Should the Independent Fiduciary fail to approve and authorize the

Settlement or fail to give a release on behalf of the Plan, the Agreement shall be

terminable, pursuant to Section 8.3.

2.7    ***Class Action Fairness Act Notice.*** No later than ten (10) calendar days after the

filing of Plaintiff's motion for preliminary approval of the Settlement, the Settlement

Administrator will prepare and serve the notice required under CAFA in substantially the form attached as Exhibit E hereto ("CAFA Notice") on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715. In the event that the Preliminary Approval Order provides for any modifications to the CAFA Notice, then the Settlement Administrator will prepare and serve supplemental or amended CAFA Notice(s) as appropriate. Pursuant to the Preliminary Approval Order, the Settlement Administrator shall file a notice with the Court confirming compliance at least thirty (30) calendar days prior to the Final Approval Hearing.

2.8 ***Motion for Final Approval.*** Plaintiff shall move the Court for final approval of the Settlement no later than the deadline set by the Court in the Preliminary Approval Order, or as may be extended by the Court. On or after the date set by the Court for the Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court shall determine, among other things: (a) whether to enter the Final Order and Judgment finally approving the Settlement; and (b) what, if any, Case Contribution Award and Attorneys' Fees and Expenses should be awarded to Plaintiff and Class Counsel, respectively, pursuant to Sections 7.1 and 7.2 of this Agreement.

## III. PAYMENTS TO THE CLASS

3.1 ***The Settlement Amount***.

a) In consideration of all of the promises and agreements set forth in this Agreement, Defendants will pay, or cause to be paid, the Settlement Amount as specified in Section 1.44. It is understood and agreed by the Parties that, by paying the Settlement Amount, Defendants do not agree with or in any way admit, and shall not be deemed to agree with or in any way admit, any of Plaintiff's or Class Counsel's theories regarding

-17-

Defendants' liability in the Action or any wrongdoing or liability with respect to any of the allegations or claims in the Action, including that any of Defendants' prior or existing actions or practices are in violation of any federal or state laws, statutes, or regulations. Within seven (7) days of the execution of this Agreement, Plaintiff will provide a completed W-9 and wire instructions and an address for the Financial Institution where the Settlement Amount will be paid.

b)      Defendants shall pay, or cause to be paid, the Settlement Amount as set forth in Section 1.44 in two segments, and the total funding, in the aggregate, together with any interest and investment earnings thereon, shall constitute the "Settlement Fund." First, Defendants shall pay, or cause to be paid, $100,000 of the Settlement Amount, with that amount to be deposited by wire transfer or check into the account established by the Escrow Agent within thirty (30) calendar days of the entry of the Preliminary Approval Order to fund any Administration Costs and Independent Fiduciary Fees and Costs that arise before the Court's entry of the Final Approval Order and Judgment. Second, Defendants shall pay, or cause to be paid, the remaining portion of the Settlement Amount to be deposited by wire transfer or check into the account established by the Escrow Agent within fifteen (15) business days following the Effective Date of the Court's Final Approval Order and Judgment, subject to the provisions of Section 8.5.

c)      The Settlement Amount shall be used solely for the purposes set forth in Section 3.1(j).

d)      Subject to Court approval and oversight, the account established by the Escrow Agent will be controlled by the Settlement Administrator. Neither Defendants, Defendants' Counsel, the Defendant Released Parties, Plaintiff, or Class Counsel shall

have any liability whatsoever for the acts or omissions of the Settlement Administrator. The Settlement Administrator shall not disburse the Settlement Amount or any portion of the Settlement Fund except as provided for in this Agreement, by an order of the Court, or with prior written agreement of Class Counsel and Defendants' Counsel.

        e)      The Settlement Administrator is authorized to execute transactions on behalf of Class Members that are consistent with the terms of this Agreement and with orders of the Court.

        f)      All funds held in the account established by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

        g)      The Settlement Administrator shall, to the extent practicable and prudent, invest the Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Administrator shall maintain records identifying in detail each instrument in which the Settlement Fund or any portion thereof has been invested and the precise location (including any safe deposit box number) and form of holding of each such instrument. Neither the Settlement Fund nor any portion thereof shall be commingled with any other monies in any instruments. Any cash portion of the Settlement Fund not invested in instruments of the type described in the first sentence of this Section 3.1(g) shall be maintained, and not commingled with any other monies, by the Settlement Administrator in a bank account, which shall promptly be identified to the Parties at any Party's request

by bank and account number and any other identifying information. The Settlement

Administrator and Class Members shall bear all risks related to investment of the

Settlement Fund. All income, gain, or loss earned by the investment of the Settlement

Amount shall be credited to the account established by the Escrow Agent.

        h)     The account established by the Escrow Agent is intended to be a

"Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The

Settlement Administrator, as administrator of the Qualified Settlement Fund within the

meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing

tax returns for such account and paying from such account any Taxes owed with respect

to the account.

        i)     All taxes on the income of the account established by the Escrow Agent

("Taxes") and expenses and costs incurred in connection with the taxation of such

account (including expenses of tax attorneys and accountants) ("Tax-Related Costs")

shall be timely paid by the Settlement Administrator out of the account.

        j)     The Settlement Fund will be used to pay the following amounts associated

with the Settlement:

        (1) Compensation to Class Members determined in accordance with
        Section 3.2;

        (2) Any Case Contribution Award approved by the Court;

        (3) All Attorneys' Fees and Expenses approved by the Court;

        (4) Independent Fiduciary Fees and Costs;

        (5) Administration Costs; and

        (6) Taxes and Tax-Related Costs.

3.2    ***Distribution to Class Members.***

a)     The Settlement Fund will be distributed to Class Members in accordance with the Plan of Allocation approved by the Court.

b)     Notwithstanding anything else in this Agreement, any revisions to the Plan of Allocation that would increase the Settlement Amount or require Defendants or their affiliates to incur additional expenses or costs or to provide data not reasonably available shall be deemed a material alteration of this Agreement and shall entitle Defendants, at their election, to terminate the Agreement. In no event, and notwithstanding anything else in this Agreement, shall Defendants be required to pay any amounts other than the Settlement Amount. It is understood and agreed that Defendants' monetary obligations under this Agreement will be fully discharged by paying the amount specified in Section 1.44 above and that Defendants shall have no other monetary obligations, or obligations to make any other payments under this Agreement or otherwise.

c)     Class Members who receive a check from the Settlement Administrator under the Plan of Allocation must deposit or cash their checks within one hundred and eighty (180) calendar days of issuance. If they do not do so, the checks will be void, and the Settlement Administrator shall be instructed to return any such funds to the Settlement Fund pursuant to Section 3.4. This limitation shall be printed on the face of each check. Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation. The voidance of checks shall have no effect on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

3.3     ***Responsibility for Taxes on Distribution.*** Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including, without limitation, penalties and interest, related in any way to payments or credits under the Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

3.4     ***Treatment of Undistributed Funds and Uncashed Checks.*** Any funds associated with checks that are not cashed within one hundred and eighty (180) calendar days of issuance and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and any funds remaining after the payment of any applicable Taxes by the Escrow Agent, shall be returned to the Settlement Fund by the Settlement Administrator to be distributed as described in the Plan of Allocation.

3.5     ***Administration Costs.*** The Administration Costs shall be paid from the Settlement Fund. The Settlement Administrator will reserve from the Settlement Fund its estimated Administration Costs. Beginning thirty (30) calendar days after the entry of the Preliminary Approval Order, and thereafter on every thirtieth (30th) calendar day of a month during which Administration Costs are expended, the Settlement Administrator shall provide the Parties with a detailed accounting of any Administration Costs expended to date and an invoice for the amount of such Administration Costs. Any disputes as to whether amounts billed by the

Settlement Administrator are reasonable and necessary under this Agreement shall be resolved by the Court.

      3.6    ***Entire Monetary Obligation.*** Notwithstanding anything else in this Agreement, in no event shall Defendants be required to pay any amounts under this Agreement or otherwise, other than the Settlement Amount as specified in Section 1.44.

## IV.   SETTLEMENT ADMINISTRATION

      4.1    Defendants shall use reasonable efforts to cause the Plan Recordkeeper(s) to provide to the Settlement Administrator, within thirty (30) calendar days of the entry of the Preliminary Approval Order, the participant data sufficient to effectuate the Notice, implement the Plan of Allocation, and distribute the Settlement Fund. Subject to at least thirty (30) calendar days' written notice from the Settlement Administrator, Defendants shall also use reasonable efforts to cause the current Plan Recordkeeper to provide an updated list of Participants prior to the distribution to identify any such participants who have taken a full distribution from their Plan account and no longer have a Plan account with a positive balance. Defendants shall not otherwise be obligated to assist with effecting Notice, implementation of the Plan of Allocation, or distribution of the Settlement Fund.

      4.2    The Settlement Administrator shall administer the Settlement subject to the supervision of Class Counsel, Defendants' Counsel, and the Court, as circumstances may require.

      4.3    Neither the Defendants, the Defendant Released Parties, the nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to (1) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (2) the

-23-

determination of the Independent Fiduciary; (3) the management, investment, or distribution of the Settlement Fund; (4) the Plan of Allocation as approved by the Court; (5) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (6) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (7) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defendants' Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Settlement Amount or otherwise.

4.4     The Settlement Administrator shall provide to Class Counsel and Defendants' Counsel, no less frequently than monthly, a full accounting of all expenditures made in connection with the Settlement, including Administration Costs (as noted in Section 3.5), and any distributions from the Settlement Fund.

4.5     The Settlement Administrator shall provide such information as may be reasonably requested by Plaintiff or Defendants or their counsel relating to administration of this Agreement.

## V.     RELEASES, COVENANTS, AND JUDICIAL FINDINGS

5.1     ***Release of Defendants and the Defendant Released Parties.*** Subject to Part VIII of this Agreement, upon and through the date of the Court's entry of the Final Approval Order and Judgment, Plaintiff and each Class Member (on behalf of themselves and their current and former beneficiaries, heirs, descendants, dependents, marital community, administrators, executors, representatives, predecessors, successors, and assigns), and the Plan (by and through

the Independent Fiduciary pursuant to Section 2.6) absolutely and unconditionally release and forever discharge all Defendant Released Parties from any and all Released Claims.

5.2 ***Covenant Not to Sue.*** Upon and through the date of the Court's entry of the Final Approval Order and Judgment, Plaintiff, Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns), and Class Counsel (on behalf of themselves and any successors-in-interest) shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged, and shall forever be enjoined from prosecution of the Defendant Released Parties from any and all Released Claims, whether or not such Class Members have actually received or read the Notice, whether or not such Class Members have received or submitted a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

Plaintiff, all Class Members and the Plan (subject to Independent Fiduciary approval), acting individually or together or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any claim, action, or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim adverse to the Defendant Released Parties on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any

-25-

action to enforce the terms of this Agreement pursuant to the procedures set forth in this Agreement.

Should Plaintiff or any Class Member breach the terms of this Section 5.2, Defendants and the Defendant Released Parties may recover any attorney's fees and costs that they may incur to enforce the provisions of this Section 5.2 after Defendants provide notice and a reasonable opportunity to cure to any alleged breaching Plaintiff or Class Members.

5.3     ***Defendant Released Parties' Releases of Others.*** Upon and through the date of the Court's entry of the Final Approval Order and Judgment, Defendant Released Parties (on behalf of themselves and any successors-in-interest) each shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the other Defendant Released Parties, Plaintiff, the Plan, Class Members, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, relating to the Action.

5.4     ***Taxation of Settlement Fund.*** Plaintiff and Class Members acknowledge that the Defendant Released Parties and Defendants' Counsel have no responsibility for any taxes due on funds deposited in or distributed from the Settlement Fund, or on any funds that Plaintiff, Class Members, or Class Counsel receive from the Settlement Fund, including through any Case Contribution Award or Attorneys' Fees and Expenses award, as applicable.

5.5 *Use of Settlement Administrator Information.* Class Counsel, Defendants' Counsel, and Defendants shall have equal access to information held by the Settlement Administrator given that such information is necessary to administer this Settlement.

5.6 *Use of Defendants' and Plan Information.* Class Counsel and their agents, as well as the Settlement Administrator, shall use any information provided by Defendants or the Plan Recordkeepers pursuant to this Agreement solely for the purpose of providing the Notice and administering this Settlement and for no other purpose. Such information shall be marked "Confidential" and treated as such under the Stipulated Protective Order governing the Action. *See Allison v. L Brands, Inc.*, Case No. 2:20-cv-06018, Dkt. No. 50.

## VI. REPRESENTATIONS AND WARRANTIES

6.1 *Parties' Representations and Warranties.* The Parties, and each of them, represent and warrant as follows, and each Party acknowledges that each other Party is relying on these representations and warranties in entering into this Agreement:

a) The Parties have diligently investigated the claims in the Action; that they are voluntarily and knowingly entering into this Agreement as a result of arm's-length negotiations among their counsel; that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided in the Agreement, they have not been influenced to any extent whatsoever in executing the Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by

any person representing any Party. Each Party assumes the risk of mistake as to facts or law;

       b)      The Parties have carefully read the contents of the Agreement and the Agreement is signed freely by each signatory executing the Agreement on behalf of the applicable Party. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to this Settlement, the Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary;

       c)      That Plaintiff has not assigned or otherwise transferred any interest in any Released Claim against any Defendant Released Parties, and she shall not assign or otherwise transfer any interest in any Released Claims; and

       d)      Plaintiff, on behalf of herself and the Class, will have no surviving claims or causes of action against any of the Defendant Released Parties for any of the Released Claims, from and after the Effective Date.

6.2    ***Signatories' Representations and Warranties.*** Each counsel or other person executing this Agreement on behalf of any Party represents and warrants that such person has the authority to do so.

## VII.   MONETARY PAYMENTS

7.1    ***Case Contribution Award.***

       a)      Plaintiff intends to seek a Case Contribution Award not to exceed the amount of $8,750, subject to Court approval ("Case Contribution Award"). Any Case Contribution Award approved by the Court shall be paid within ten (10) calendar days of the transfer of the remaining portion of the Settlement Amount into the account

established by the Escrow Agent. The Case Contribution Award shall be paid by the Settlement Administrator solely out of the Settlement Fund and shall be deducted (to the extent approved by the Court) from the Settlement Fund on or after the Effective Date and prior to the distribution of the Settlement Fund to the Class Members. Class Representative shall also be entitled to distribution under this Settlement pursuant to Section 3.2 as a Class Member.

b)      Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application for the Case Contribution Award shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the Case Contribution Award, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

c)      Other than the Settlement Amount, Defendants shall have no obligations or liability whatsoever with respect to any Case Contribution Award to Class Representative, which shall be payable solely out of the Settlement Fund.

7.2    *Attorney's Fees and Expenses*.

a)      Class Counsel intends to submit a Motion for Attorneys' Fees and Expenses seeking an award of Attorneys' Fees not to exceed 33 1/3% of the Settlement Amount, plus reasonable litigation expenses advanced and carried by Class Counsel for the duration of the Action, not to exceed $50,000. Class Counsel will file such motion no later than the deadline set in the Preliminary Approval Order. Any amount awarded by the Court in response to such motion shall be paid by the Settlement Administrator solely

-29-

out of the Settlement Fund and shall be deducted (to the extent approved by the Court) from the Settlement Fund and paid to Class Counsel within ten (10) calendar days of the transfer of the remaining portion of the Settlement Amount into the account established by the Escrow Agent.

b)      Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Motion for Attorneys' Fees and Expenses to be paid out of the Settlement Fund shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the award of Attorneys' Fees and Expenses, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

c)      Other than the Settlement Amount, Defendants shall have no obligations or liability whatsoever with respect to any Attorneys' Fees and Expenses incurred by Class Counsel, which shall be payable solely out of the Settlement Fund.

## VIII.  CONTINGENCIES, EFFECT OF DISAPPROVAL, OR TERMINATION OF SETTLEMENT

8.1      This Agreement and the Settlement shall terminate and be cancelled if, within ten (10) calendar days after any of the following events, one of the Parties provides all other Parties with written notification of an election to terminate the Settlement, provided that the Parties shall negotiate in good faith to cure any deficiency identified by the Court:

a)      The Court declines to maintain certification of the Class as described under Section 2.1;

b)      The Court declines to provide preliminary approval of this Agreement, or declines to enter, or materially modifies, the contents of the Preliminary Approval Order,

-30-

or the Preliminary Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date;

        c)     The Court declines to provide final approval of this Agreement, or declines to enter, or materially modifies, the contents of the Final Approval Order and Judgment;

        d)     The Court's Final Approval Order and Judgment is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

        e)     The Effective Date is not triggered for some other reason for more than one year after entry of the Preliminary Approval Order, unless the Parties agree in writing to an extension or modification of this Section 8.1(f).

8.2    For purposes of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning the administration of the Settlement or the persons performing such administrative functions, or the amount or award of any Attorneys' Fees and Expenses or Case Contribution Award shall constitute grounds for cancellation or termination of the Agreement, provided that such order, modification, or reversal does not increase any Defendants' total financial obligations under this Settlement, including the Settlement Amount, or impose injunctive relief against any Defendant.

8.3    This Agreement and the Settlement shall terminate and be cancelled at the sole election of Defendants if the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to approve the release on behalf of the Plan of the Released Claims. Alternatively, Defendants shall have the option to waive this condition. Unless otherwise agreed

-31-

by the Parties, either option is to be exercised in writing within the earlier of (a) ten (10) business days after the Parties' receipt of the Independent Fiduciary's written determination under Section 2.6, or (b) three (3) business days prior to the date set for the Final Approval Hearing.

8.4     In the event that any of the government officials who received a CAFA Notice object to and/or request modifications to the Settlement, Plaintiff agrees to cooperate and work with Defendants to overcome such objection(s) and requested modifications.   In the event such objection(s) or requested modifications are not overcome, Defendants shall have the right to terminate the Settlement and this Agreement.

8.5     If for any reason the Agreement is terminated or fails to become effective, then:

a)      Plaintiff and Defendants shall be deemed to have reverted to their respective status in the Action as of May 3, 2022. The Action shall then resume proceedings in the Court, and, except as otherwise expressly provided in the Agreement, the Parties shall proceed in all respects as if the Agreement and any related orders had not been entered.

b)      Class Counsel and Defendants' Counsel shall, within ten (10) business days after the date of termination of the Agreement, jointly notify the Financial Institution in writing to return to Defendants, or their designee(s), the full amount contained in the Settlement Fund, with all interest and income earned thereonand direct the Financial Institution to effect such return within fourteen (14) calendar days after such notification. Administration Costs incurred prior to the termination shall be paid first from the interest earned, if any, on the Settlement Fund.   Administration Costs in excess of the interest earned on the Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants, on the other hand. Prior to the return of

amounts contemplated by this Section 8.5(b), the Financial Institution shall fully and finally fulfill and set aside for any and all tax obligations of the Settlement Fund as set forth in Section 3.1(i). Defendants shall have no past, present, or future liability whatsoever for any such tax obligations.

c) Part VIII of the Agreement, and its provisions, shall survive any termination of the Agreement and the Settlement, as will Sections 3.3, 4.3, 5.4.

## IX. NO ADMISSION OF WRONGDOING

9.1 ***No Admission of Wrongdoing.*** The Parties understand and agree that this Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of consideration for this Agreement, shall be deemed to constitute any finding or admission of any wrongdoing or liability by any of the Defendants or Defendant Released Parties, or give rise to any inference of wrongdoing or liability in the Action or any other proceeding. This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability or wrongdoing, and state that they are entering into the Agreement solely to eliminate the burden and expense of protracted litigation. Further, Plaintiff has concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, Plaintiff, and the Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA lawsuits, like the Action. Neither the fact of this Settlement nor the terms of this Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement, whether affirmatively or defensively.

## X. MISCELLANEOUS

-33-

10.1 *Prospective Relief.*

a) Defendants will conduct a request for proposal regarding the provision of recordkeeping services for the Plan within three (3) years following the Effective Date.

b) The Administrative Committee will review and evaluate the Plan's investment policy statement within three (3) years following the Effective Date.

10.2 Only Class Counsel shall have standing to seek enforcement of this Agreement on behalf of Class Representative, Class Members, or the Plan. Any individual concerned about Defendants' compliance with this Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

10.3 *Waiver.* The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving Party and specifically waiving such provisions. The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

10.4 *Dispute Resolution.* If a dispute arises regarding compliance with any of the provisions of this Agreement, it shall first be mediated in non-binding mediation by a mutually agreed upon mediator. The cost of any mediation shall be split equally between Plaintiff and Defendants. If mediation is unsuccessful, then any remaining disputes regarding compliance with this Agreement shall be heard only by this Court.

10.5    *Entire Agreement.* The Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, between the Parties. The Agreement cannot be altered, modified, or amended except through a writing executed by either (a) Plaintiff and Defendants, or (b) Class Counsel and Defendants' Counsel.

10.6    *Construction of Agreement.* The Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement. All Parties have participated in the drafting of this Agreement, and any ambiguity shall not be resolved by virtue of a presumption in favor of any Party. The Agreement was reached at arm's-length by the Parties represented by counsel. None of the Parties shall be considered to be the drafter of the Agreement or any provision hereof for the purposes of any statute, case law, or rule of interpretation or construction.

10.7    *Principles of Interpretation.* The following principles of interpretation apply to this Agreement:

a)    The headings of the Agreement are for reference only and do not affect in any way the meaning or interpretation of the Agreement.

b)    Definitions apply to the singular and plural forms of each term defined.

c)    Definitions apply to the masculine, feminine, and neutral genders of each term defined.

d)    References to a person are also to the person's permitted successors and assignees.

e)    Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

-35-

10.8    ***Executed in Counterparts.*** The Agreement may be executed in counterparts, each of which shall be considered the same as if a single document had been executed. The Agreement shall be deemed executed by all Parties when such counterparts have been signed by each of the Parties' counsel and delivered to the other Parties or their counsel. Counterpart copies of signature pages, whether delivered in original, by electronic mail in .pdf format or by facsimile, taken together, shall all be treated as originals and binding signatures.

10.9    ***Notices.*** Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court order sought in connection with the Agreement, shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage prepaid, with copies by facsimile or e-mail to the attention of Class Counsel or Defendants' Counsel, as applicable (as well as to any other recipients that a court may specify). Parties may change the person(s) to whom such notices should be directed by giving notice pursuant to this section. As of the date hereof, the respective representatives are as follows:

**For Defendants:**

**Abbey M. Glenn**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
Email: abbey.glenn@morganlewis.com

**For Plaintiff:**

**James E. Miller**
**Alec J. Berin**
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100

-36-

Facsimile: (866) 300-7367
Email: jemiller@millershah.com
          ajberin@millershah.com

10.10  ***Extensions of Time.*** The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

10.11  ***Governing Law.*** Except to the extent required by federal law, the Agreement shall be governed by and construed in accordance with the laws of the State of Ohio without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than the State of Ohio.

10.12  ***Fees and Expenses.*** Except as otherwise expressly set forth herein, each Party shall pay all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to his, her, or its negotiation, preparation, or compliance with this Agreement, and including any fees, expenses, and disbursements of its counsel, accountants, experts and other advisors. Nothing in the Agreement shall require Defendants to pay any monies other than as expressly provided herein.

10.13  ***Communication with Plan Participants.*** Nothing in the Agreement or Settlement shall prevent or inhibit Defendants' ability to communicate with former, active, or inactive participants of the Plan or Former Participants.

10.14  ***Retention of Jurisdiction.*** The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

10.15  ***Non-Disparagement***. Plaintiff and Class Counsel agree that they will not at any time publicly disparage or induce others to publicly disparage any of the Defendants or the Defendant Released Parties.

-37-

[*Signatures Appear on the Following Page*]

Dated: August 11, 2022

On Behalf of Plaintiff, Individually and as Representatives of the Settlement Class and the Plan

James E. Miller
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com

Dated: August 11, 2022

On Behalf of L Brands, Inc., L Brands Service Company, LLC, and the Retirement Plan Committee of the L Brands, Inc. 401(k) Savings and Retirement Plan

Brian T. Ortelere
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5150
Email: brian.ortelere@morganlewis.com
Attorney for L Brands, Inc., L Brands Service Company, LLC, and the Retirement Plan Committee of the L Brands, Inc. 401(k) Savings and Retirement Plan

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DONNA ALLISON,<br>Individually and as representatives of a<br>class of similarly situated persons, on<br>behalf of the L BRANDS, INC. 401(K)<br>SAVINGS AND RETIREMENT PLAN,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>L BRANDS, INC., L BRANDS SERVICE<br>COMPANY, LLC, THE RETIREMENT PLAN<br>COMMITTEE OF THE L BRANDS, INC.<br>401(K) SAVINGS AND RETIREMENT PLAN;<br>and DOES No. 1–10,<br>Whose Names Are Currently Unknown,<br><br>　　　　　Defendants. | Civil Action<br>No: 2:20-cv-06018-EAS-CMV |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE,
PRELIMINARILY APPROVING PLAN OF ALLOCATION,
<u>AND SCHEDULING FAIRNESS HEARING</u>**

This class action involves claims for alleged violations of the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA"), with respect to

the L Brands, Inc. 401(k) Savings and Retirement Plan (the "Plan").[1] The terms of the

Settlement are set out in the Settlement Agreement and Release ("Settlement Agreement"), fully

executed as of August 11, 2022, by counsel on behalf of the Class Representative, all Class

Members, and Defendants, respectively.

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the
same meaning ascribed to them in the Settlement Agreement.

Pursuant to the Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on August 11, 2022, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and the matter having come before the Court on _____, 2022, due notice having been given and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.     **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby preliminarily certifies for settlement purposes only the following class ("Settlement Class"):

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants, including members of the Administrative Committee during the Class Period.

2.     Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b) as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law

and/or fact common to the Settlement Class;

(c)  as required FED. R. CIV. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class for which the Class Representative seeks certification;

(d)  as required by FED. R. CIV. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class;

(e)  as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f)  as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class; and

3.     The Court preliminarily appoints Donna Allison as Class Representative for the Settlement Class and Miller Shah LLP as Class Counsel for the Settlement Class.

4.     **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is

hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

a) the Settlement was negotiated vigorously and at arm's length, under the auspices of an experienced, neutral mediator, by Defense Counsel on the one hand, and by Class Counsel on behalf of the Class Representative and the Settlement Class on the other hand;

b) the Class Representative and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

c) if the Settlement had not been achieved, the Class Representative and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d) the amount of the Settlement—two million seven hundred fifty thousand dollars ($2,750,000)—is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Net Settlement Amount is efficient, relying substantially on Defendants' records, requiring no filing of claims for Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requiring only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to Attorneys' Fees and Expenses, as well as a Case Contribution Award to Plaintiff, do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Settlement Amount is within the range of settlement values obtained in similar cases;

e) at all times, the Class Representative and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

      f)   the proposed Plan of Allocation is fair, reasonable, and adequate.

5.      **Establishment of Qualified Settlement Fund.**  A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of 26 C.F.R. § 1.468B-1. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement Agreement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Settlement Amount to be paid; and (2) their agreement to cooperate in facilitating the provision of information that is necessary for Settlement administration as set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Preliminary Approval Order or any additional orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments and withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine,

withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating, and distributing the Settlement Fund and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing

that the Settlement Fund is being administered and awards are being made in accordance with the purposes of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

6. **Fairness Hearing**. A hearing is scheduled for _____, 2022, (at least 120 days after the date the motion for entry of the Preliminary Approval Order is filed) to make a final determination concerning, among other things:

- any objections from Class Members to the Settlement or any aspects of it;

- whether the Settlement merits final approval as fair, reasonable, and adequate;

- whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- whether the proposed Plan of Allocation should be granted final approval; and

- whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Award to the Class Representative are fair and reasonable, and should be approved.

7. **Settlement Notice.** The Court approves the forms of Settlement Notice attached as Exhibits B and B-1 to the Settlement Agreement and Former Participant Claim Form attached as Exhibit D to the Settlement Agreement. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim; (c) notifies the Settlement Class that Class Counsel will seek Attorneys' Fees and Expenses from the Settlement Fund, payment of the costs

of administering the Settlement out of the Settlement Fund, and a Case Contribution Award for the Class Representative for her service in such capacity; (d) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describes how the recipients of the Notice may object to any of the relief requested.

8. **Settlement Administrator.** The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

- By no later than _____, 2022 (45 days after entry of this Preliminary Approval Order), cause the Settlement Notice and Former Participant Claim Form, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by electronic mail (if available) or first-class mail, postage prepaid, to the last known electronic mail address or last known mailing address of each member of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time. In addition, for each Former Participant, Beneficiary, and Alternate Payee who has not returned the Former Participant Claim Form within seventy-five (75) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send within ten (10) days thereafter a post card by electronic mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

- The Court finds that the contents of the Settlement Notice and the process described

herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and due process.

9.     **Petition for Attorneys' Fees, Litigation Costs, and Case Contribution Award.** Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Award to the Class Representative, and all briefs in support thereof, shall be filed no later than _____, 2022, (45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

10.     **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____, 2022 (45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

11.     **Objections to Settlement.** Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of Attorneys' Fees and Expenses, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for a Case Contribution Award for the Class Representative. An objection must include: (a) the full name, address, and telephone number of the objector; (b) a written statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s) and whether the objection is on behalf of the objector only, a portion of the Settlement Class, or the Settlement Class as a whole; (c) copies of any papers, brief, or other documents upon which the objection is based; (d) a list of all persons, if any, who will be called to testify in support of the

objection; (e) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the previous five years; and (f) the objector's signature, even if represented by counsel. The address for filing objections with the Court is as follows:

> Clerk of Court
> U.S. District Court for the Southern District of Ohio
> 85 Marconi Boulevard, Room 121
> Columbus, OH 43215
> Re: *Allison v. L Brands, Inc.*, Case No. 2:20-cv-06018-EAS-CMV (S.D. Ohio)

The objector or his, her, their, or its counsel, if any, must file or postmark the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____, 2022 (30 days before the date of the Fairness Hearing specified in this Order).  If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than _____, 2022 (15 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).  Any member of the Settlement Class or other person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.  Any responses to objections shall be filed with the Court no later than \_\_\_, 2022 (seven days before the date of the Fairness Hearing specified in this Preliminary  Approval Order).  There shall be no reply briefs.

12.    Any additional briefs the Settling Parties may wish to file in support of the Settlement shall be filed no later than (seven days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

13. **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate and, if applicable, the name, address, and telephone number of the objector's attorney, with the Court by no later than ____, 2022 (15 days before the date of Fairness Hearing specified in this Preliminary Approval Order). Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses.** The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

15. **Parallel Proceedings.** Pending final determination of whether the Settlement Agreement should be approved, the Class Representative, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendant Released Parties.

16. **Class Action Fairness Act Notice.** The Court approves the form of the notice attached as Exhibit E to the Settlement Agreement and orders that upon the mailing of this notice, Defendants shall have fulfilled their obligations under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, et seq.

17. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and the right to schedule the hearing to be done by telephone or video conference.

SO ORDERED this _____ day of _____, 2022.


                                             _____

                                             Hon. Edmund A. Sargus
                                             United States District Judge

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA ALLISON, | : | Civil Action |
| Individually and as a representative of a class | : | No. 2:20-CV-06018-EAS-CMV |
| of similarly situated persons, on behalf of the | : | |
| L BRANDS, INC. 401(K) SAVINGS | : | |
| AND RETIREMENT PLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| L BRANDS, INC., L BRANDS SERVICE | : | |
| COMPANY, LLC, THE RETIREMENT PLAN | : | |
| COMMITTEE OF THE L BRANDS, INC. | : | |
| 401(K) SAVINGS AND RETIREMENT PLAN, | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

*IF YOU WERE A PARTICIPANT IN THE L BRANDS, INC. 401(K) SAVINGS AND RETIREMENT PLAN BETWEEN NOVEMBER 23, 2014 AND [INSERT PRELIMINARY APPROVAL DATE], YOU COULD RECEIVE A PAYMENT AND YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS CLASS ACTION SETTLEMENT.*

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

This Notice advises you of the settlement ("Settlement") of a lawsuit against L Brands, Inc., L Brands Service Company, LLC, and the Retirement Plan Committee of the L Brands, Inc. 401(k) Savings and Retirement Plan (collectively, "Defendants"). In the lawsuit, Plaintiff, Donna Allison ("Plaintiff," and with Defendants, the "Parties"), alleges that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") in the administration of the L Brands, Inc. 401(k) Savings and Retirement Plan (the "Plan"). Defendants deny the allegations and deny that they engaged in any improper conduct. YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why did I get this Notice? ................................................................................. 1
2. What is this lawsuit about? ............................................................................... 1
3. What is a class action lawsuit? ......................................................................... 1
4. Why is there a Settlement? ............................................................................... 1
5. How do I get more information about the Settlement? ...................................... 2
6. Who will administer the Settlement? ................................................................ 2

**THE SETTLEMENT BENEFITS – WHAT DOES THE SETTLEMENT PROVIDE?**

7. What does the Settlement provide? .................................................................. 2
8. How may I benefit from the Settlement? .......................................................... 2
9. How do I submit a claim for a Settlement Payment? ........................................ 3
10. What is the Plaintiff receiving from the Settlement? ........................................ 3

**THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP**

11. What do I give up by participating in the Settlement? ....................................... 4

**THE LAWYERS REPRESENTING YOU**

12. Do I have a lawyer in this case? ....................................................................... 4

**OPTING OUT OF THE SETTLEMENT**

14. Can I exclude myself from the Class? ............................................................... 4

**OBJECTING TO THE SETTLEMENT**

15. What does it mean to object? ........................................................................... 4
16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Award? .................... 5

**THE COURT'S FAIRNESS HEARING**

17. When/where will the Court decide whether to approve the Settlement? ............... 6
18. Do I have to attend the Fairness Hearing? ....................................................... 6
19. May I speak at the Fairness Hearing? ............................................................... 7

**IF YOU DO NOTHING**

20. What happens if I do nothing at all? ................................................................ 7

**1.      Why did I get this Notice?**

Records indicate that you are or may be a Participant, Former Participant, Beneficiary or Alternate Payee of a Participant or Former Participant, of the Plan at any time on or after November 23, 2014, through and including [INSERT PRELIMINARY APPROVAL DATE] (the "Class Period").[1]

You are receiving this Notice because you have a right to know about the proposed settlement of a class action lawsuit in which you are potentially a Class Member before the Court decides whether to approve the Settlement.

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them.

The lawsuit is pending in the United States District Court for the Southern District of Ohio (the "Court").  It is known as *Allison v. L Brands, Inc., et al.,* Case No. 2:20-cv-06018-EAS-CMV (S.D. Ohio).

**2.      What is this lawsuit about?**

On November 23, 2020, Plaintiff filed an action against Defendants, alleging that their administration of the Plan violated ERISA.  Since the filing of the action, the parties engaged in litigation, including ongoing investigation into the claims and other developments, exchange of meaningful document productions, and briefing a motion to dismiss, as well as certain related motions.  In May 2022, the Parties mediated the action with a neutral mediator and were ultimately able to reach the terms of the Settlement explained in this Notice. Defendants have denied and continue to deny any wrongdoing or liability, and they will continue to vigorously defend against the lawsuit if the proposed Settlement is not approved.  Nothing in the Settlement is an admission or concession on the Defendants' part of any fault or liability whatsoever.  They have entered into the Settlement to avoid the uncertainty, expense, and burden of additional litigation.

**3.      What is a class action lawsuit?**

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who they allege have similar claims.  One court resolves all the issues for all class members in a single lawsuit.  Plaintiff is the proposed class representative in this lawsuit, and is sometimes referred to in this Notice as the "Class Representative" or as "Plaintiff."

**4.      Why is there a settlement?**

The Parties have agreed to the Settlement after extensive negotiations.  By agreeing to a settlement, the Parties avoid the costs and risks of further litigation, and Plaintiff and the other

---

[1] Capitalized terms not otherwise defined in this Notice shall have the same meaning as in the Agreement, which is available at strategicclaims.net/lbrands401k.

members of the Class will receive compensation. Class Counsel have conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiff and Class Counsel agree that the Settlement is in the best interest of the Settlement Class. The Court has not found that Defendants have done anything wrong or violated any law or regulation.

**5.      How do I get more information about the Settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the Agreement, which is available at strategicclaims.net/lbrands401k, by contacting Class Counsel (see answer to question 12 for contact information) or the Settlement Administrator (see answer to question 6 for contact information), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ohsd.uscourts.gov/.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**6.      Who will administer the Settlement?**

The Settlement Administrator, Strategic Claims Services, will administer the Settlement, including the processing of the Former Participant Claim Form, if applicable, that you may need to fill out and send in to receive any settlement payment. You may contact the Settlement Administrator by: (a) sending a letter to L Brands, Inc. 401k Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson St #205, Media, PA 19063; (b) sending an e-mail to info@strategicclaims.net; (c) visiting the Settlement website at strategicclaims.net/lbrands401k; or (d) calling toll-free at 866-274-4004.

**THE SETTLEMENT BENEFITS – WHAT DOES THE SETTLEMENT PROVIDE?**

**7.      What does the Settlement provide?**

Defendants have agreed to pay a total of $2,750,000 to the Class Members ("Settlement Fund"). Class Counsel intends to ask the Court to approve up to 33 1/3% of that amount for attorneys' fees, an amount no greater than $50,000 to reimburse litigation expenses actually incurred, as well as an $8,750 Case Contribution Award to be paid to the Class Representative. The amount that will be available for distribution to Class Members ("Net Settlement Amount") will be the Settlement Fund *minus* the amounts used for other approved settlement purposes (Case Contribution Award, Court-approved Attorneys' Fees and Expenses to Class Counsel, Administration Expenses, and certain taxes and tax-related costs).

**8.      How may I benefit from the Settlement?**

You may be entitled to payment of a portion of the Net Settlement Amount. The amount paid to each Participant, Former Participant, Beneficiary or Alternate Payee will be determined by a Plan of Allocation. As explained below, if you are a Participant, or Beneficiary or Alternate

Payee of a Participant, and you have an Active Account in the Plan (*i.e.*, a balance greater than $0), you do not need to take any action in order to receive payment under the Settlement. If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant and you no longer have an Active Account in the Plan, you will need to submit a Former Participant Claim Form by the submission deadline in order to receive payment under the Settlement. Payments made to Participants, or to Beneficiaries or Alternate Payees of a Participant, who have Active Accounts in the Plan under the Settlement shall be made into these persons' individual investment accounts in the Plan.

Payments made to Former Participants, or to Beneficiaries or Alternate Payees of Former Participants, who do not have Active Accounts in the Plan under the Settlement may be made either by check or tax-qualified rollover to an individual retirement account or other eligible employer plan.

**9.     How do I submit a claim for a Settlement Payment?**

If you are a Participant, or a Beneficiary or Alternate Payee of a Participant, and you currently have an Active Account in the Plan, you do not need to submit a claim to be eligible for a payment under the Settlement. You will receive any payment for which you are eligible automatically in your Plan account. If you are a Former Participant, or a Beneficiary or an Alternate Payee of a Former Participant, and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline in order to be eligible for a payment under the Settlement. "Former Participant" means a member of the Settlement Class who does not have an Active Account as of [INSERT PRELIMINARY APPROVAL DATE].

**If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant, and you do not have an Active Account in the Plan, and want to receive any monetary benefits from the Settlement, you must submit the Former Participant Claim Form by no later than _____ 2022 [INSERT ACTUAL DATE OF 110 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER].** You must mail the Former Participant Claim Form to the address shown on the Form.

A Former Participant Claim Form will be deemed submitted when it is actually received by the Settlement Administrator at the address listed in the Form.

**Even if you do not submit a Former Participant Claim Form and do not receive a Settlement payment, you will be bound by the Settlement. (See answer to question 14 below.)**

**10.     What is the Plaintiff receiving from the Settlement?**

Class Counsel intends to ask the Court to award the Class Representative a Case Contribution Award of $8,750 in recognition of the work and effort she expended on behalf of the Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

**11.    What do I give up by participating in the Settlement?**

Each Member of the Settlement Class gives Defendants a "release." A release means you give up your rights to sue Defendants or receive any benefits from any other lawsuit against Defendants if the lawsuit asserts similar claims or relates in any way to the practices or decisions at issue in this lawsuit.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel. (See answer to question 5 for details.)

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

Yes. The Court has appointed the law firm of Miller Shah LLP as Class Counsel. You will not be charged for the work of these lawyers. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

**13.    How will the lawyers (Class Counsel) be paid?**

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to 33 1/3% of the Settlement Amount based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter.

## OPTING OUT OF THE SETTLEMENT

**14.    Can I exclude myself from the Settlement Class?**

No. The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the lawsuit or are otherwise included as Released Claims as defined in the Settlement Agreement. If you wish to object to any part of the Settlement, you may write to the Court and counsel about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

**15.    What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

**16.    What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Award?**

You can ask the Court to deny approval of the Settlement and/or the Motion for Attorneys' Fees and Expenses of Class Counsel or the Case Contribution Award to be requested for the Class Representative by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court, however, can award less than the amount requested by Class Counsel for attorneys' fees and expenses or the amount requested for the Case Contribution Award. If the Court does so, because of an objection or in its own discretion, although that ruling could affect the timing and amount of settlement payments, any such reduction in Class Counsel's attorneys' fees and expenses or the Case Contribution Award to be paid to the Class Representative would not otherwise affect the finality of the Settlement.

Any objection to the proposed Settlement or Motion for Attorneys' Fees and Expenses or Case Contribution Award must be made in writing in accordance with the requirements in the Preliminary Approval Order. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and case number *Allison v. L Brands, Inc., et al.,* Case No. 2:20-cv-06018-EAS-CMV (S.D. Ohio); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Southern District of Ohio, United States Courthouse, 85 Marconi Boulevard, Room 121, Columbus, OH 43215, or by filing them in person at any location of the United States District Court for the Southern District of Ohio; and (c) be filed or postmarked on or before _____, 2022 [INSERT ACTUAL DATE OF 30 DAYS BEFORE THE FAIRNESS HEARING].

Your objection must also include (1) your full name, current address, and current telephone number, and, if represented by counsel, any of your counsel's names and contact information; (2) a written statement of your objection(s), specifying the reason(s) for each such objection, including any supporting evidence, and whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) copies of any papers, brief, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection; (5) a list of any other objections to any class action settlements you or anyone acting on your behalf has submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (6) your signature, even if you are represented by counsel. Copies of the objection(s) and supporting materials must also be provided to Class Counsel and Defense Counsel at the addresses below no later than _____, 2022 [30 days before the date of the Fairness Hearing specified in the Court's Preliminary Approval Order].

| Clerk of the Court | Class Counsel | Defense Counsel |
|---|---|---|
| U.S. District Court for the Southern District of Ohio Clerk of Court United States Courthouse 85 Marconi Boulevard, Room 121, Columbus, OH 43215 | James E. Miller Alec J. Berin MILLER SHAH LLP 65 Main Street Chester, CT 06412 Tel: (866) 540-5505 jemiller@millershah.com ajberin@millershah.com | Abbey M. Glenn MORGAN, LEWIS & BOCKIUS LLP 1111 Pennsylvania Avenue, NW Washington, DC 20004-2541 Tel.: (202) 739-3000 Fax: (202) 739-3001 abbey.glenn@morganlewis.com |

Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing.

**ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

## THE COURT'S FAIRNESS HEARING

**17.     When/where will the Court decide whether to approve the Settlement?**

On _____, 2022, at _____a.m./p.m. [ACTUAL DATE AND TIME TO BE AT LEAST 120 DAYS AFTER ENTRY OF THE PRELIMINARY APPROVAL ORDER AS ESTABLISHED BY THE COURT], in the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Room 301, Columbus, OH 43215, the Court will hold a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved.  The hearing may be continued from time to time by the Court without further notice, and may be held via teleconference or videoconference.  Please check the website or contact Class Counsel if you wish to confirm that the hearing time has not been changed and to determine if the hearing is occurring in person or by video or teleconference.

**18.     Do I have to attend the Fairness Hearing?**

No. However, you are welcome to attend at your own expense.  If you file an objection to the Settlement, you do not have to go to Court to talk about it.  As long as your objection is filed or postmarked by _____ [ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING] and you comply with the requirements in the answer to question 16 above, the Court will consider it.  You may also send your own lawyer at your expense to attend the Fairness Hearing.

**19.     May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing.  Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at their own expense.

Objectors or their attorneys intending to participate at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than _____, 2022 [ACTUAL DATE TO BE 15 DAYS BEFORE THE DATE OF FAIRNESS HEARING SPECIFIED IN THIS PRELIMINARY APPROVAL ORDER].  Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

## IF YOU DO NOTHING

**20.     What happens if I do nothing at all?**

IF YOU DO NOTHING, YOU AND ALL OTHER SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS.  If you are a Participant, or a Beneficiary or Alternate Payee of a Participant, and you have an Active Account in the Plan, you do not need to take any action to be eligible to receive the Settlement payment.  If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant, and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline or you will not receive any of the settlement payments described above in answer to questions 7 and 8.

DATED:_____

[ACTUAL NOTICE DATE TO BE NO LATER THAN 30 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER]

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

# Exhibit B-1

COLUMBUS, OH - _____ [actual date to be inserted no later than 60 days after entry of Preliminary Approval Order] /PRNewswire/ --

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DONNA ALLISON, | : | Civil Action |
| individually and as a representative of a class of | : | No. 2:20-CV-06018-EAS-CMV |
| similarly situated persons, on behalf of the | : | |
| L BRANDS, INC. 401(K) SAVINGS | : | |
| AND RETIREMENT PLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| L BRANDS, INC., L BRANDS SERVICE | : | |
| COMPANY, LLC, THE RETIREMENT PLAN | : | |
| COMMITTEE OF THE L BRANDS, INC. | : | |
| 401(K) SAVINGS AND RETIREMENT PLAN, | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING

TO: ALL PARTICIPANTS IN THE L BRANDS, INC. 401(K) SAVINGS AND RETIREMENT PLAN (THE "L BRANDS PLAN") BETWEEN NOVEMBER 23, 2014 AND [DATE TO BE THE DAY THE PRELIMINARY APPROVAL ORDER IS ENTERED] (THE "SETTLEMENT CLASS PERIOD").

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.
### YOU ARE NOT BEING SUED.

A settlement has been preliminarily approved by a federal court in a class action lawsuit by Plaintiff, Donna Allison ("Plaintiff"), on behalf of herself and on behalf of the Settlement Class against L Brands, Inc. ("L Brands"), the L Brands Service Company, LLC, and the Retirement Plan Committee of the L Brands, Inc. 401(k) Savings and Retirement Plan ("Committee") (collectively, "Defendants"), alleging breaches of fiduciary duties under the Employee

Retirement Income Security Act of 1974 ("ERISA"). This Settlement will provide for a payment of $2,750,000, less any Court-approved fees and expenses, and administrative costs, to the L Brands Plan, which will then be allocated to current and former participants in the L Brands Plan who had accounts during the Settlement Class Period. All capitalized terms not otherwise defined in this Summary Notice of Class Action Settlement have the meaning provided in the Settlement Agreement (the "Agreement") available on the Settlement website (provided below). If you currently have an active account in the L Brands Plan, you will receive a Settlement payment without taking any further action. You do not need to send in a claim or take any other action to participate in the Settlement and receive a Settlement payment. If you do not have an active account with the L Brands Plan, you need to file a Claim Form to obtain a payment. YOU SHOULD READ THIS NOTICE CAREFULLY AS THE PROPOSED SETTLEMENT AFFECTS YOUR LEGAL RIGHTS.  IF YOU DO NOTHING, YOU WILL BE BOUND BY THE JUDGMENT AND THE SETTLEMENT AGREEMENT, INCLUDING THE RELEASE CONTAINED IN THE SETTLEMENT AGREEMENT.  The United States District Court for the Southern District of Ohio authorized this Notice.

**WHO IS INCLUDED IN THE SETTLEMENT?**

If you were a participant in the L Brands Plan at any time during the period from November 23, 2014 to [DATE to be the day the preliminary approval order is entered], inclusive, or you were a beneficiary or alternate payee of any such participant, then you are a member of the Settlement Class (a "Settlement Class Member").

**WHAT IS THIS CASE ABOUT?**

Plaintiff claims that Defendants breached their fiduciary duties under ERISA. Plaintiff's allegations are described in more detail in the Class Action Complaint ("Complaint") available on the Settlement website. All Defendants deny any wrongdoing, and nothing in the Agreement is an admission or concession on the Defendants' part of any fault or liability whatsoever. Both sides agreed to the Settlement to avoid the cost, burden, and risk of further litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to create a Settlement Fund totaling $2,750,000 to be divided among eligible Settlement Class Members after payment of attorneys' fees and expenses to Class Counsel, a Case Contribution Award to Class Representative Donna Allison, and payment of other costs and expenses of the Settlement, including notice and claims administration, as the Court may allow. The Agreement, other related documentation, and a list of Frequently Asked Questions, available at the Settlement website identified below, describe the details of the proposed Settlement. Your share (if any) of the Settlement Fund will depend upon the amount and value of your L Brands Plan account(s) during the Settlement Class Period. This Settlement releases certain claims against Defendants relating to the expenses of the L Brands Plan during the Settlement Class Period and releases all claims that were or could have been brought in the lawsuit based upon the allegations in the Complaint.

**HOW DO I RECEIVE A PAYMENT?**

If you are a Settlement Class Member or you are a beneficiary or alternate payee of such an individual, have an active account in the L Brands Plan, and you are entitled to a share of the Settlement Fund according to the Agreement, then you are not required to do anything to receive a payment. The payment will be made directly to your L Brands Plan account(s). If you are a Settlement Class Member and you do not currently have an active account in the L Brands Plan, or you are a beneficiary or alternate payee of a participant who does not have an active account in the L Brands Plan, you will need to file a Former Participant Claim Form in order to receive a payment from the Settlement Fund. If your address has changed since you closed your Plan account(s), please contact the Settlement Administrator toll-free at 866-274-4004 or by email at info@strategicclaims.net to advise of the change of address.

**CAN I OBJECT TO OR OPT OUT OF THE SETTLEMENT?**

You do not have the right to exclude yourself from the Settlement in this case, but you do have the right to object, including to the amount of attorneys' fees and expenses requested by Class Counsel and the amount of the Case Contribution Award requested for the Class Representative. You may object by writing to the Court. You will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released all of the Defendants from all claims that were or could have been asserted in this case, including all Claims as defined under the Agreement, other than your right to obtain the relief provided to you, if any, by the Settlement.

The Court will hold a hearing in this case on _____ at ____ p.m. [actual date and time to be at least 120 days after entry of Preliminary Approval Order and as established by the Court], in the courtroom of the Honorable Edmund A. Sargus, Room 301 of the United States District Court for the Southern District of Ohio, Eastern Division, Joseph P. Kinneary United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, to consider whether to approve the Settlement and a request by the lawyers representing all Settlement Class Members, Class Counsel, for attorneys' fees and expenses, for a Case Contribution Award to the Class Representative, and for other case-related expenses. If approved, these amounts will be paid from the Settlement Fund. You may ask to speak at the hearing by filing a Notice of Intention to Appear by _____ [actual date to be 30 days before the Fairness Hearing], but you are not required to speak at the hearing.

Although you cannot opt out of the Settlement, you may object to all or any part of the Settlement and/or the Motion for Attorneys' Fees filed by Class Counsel and request for a Case Contribution Award in accordance with the instructions included in the long-form Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing available at the Settlement website below. Objections must be written and submitted to the Court. Objections must be postmarked, or, if not sent by United States Postal Service, received by the Court by _____ _____ [actual date to be 30 days before the Fairness Hearing]. Please note that the time, place, and date of the hearing may change without a further mailing. Class Counsel will update the Settlement website below if the hearing time or location is changed. The Settlement Fairness Hearing also may be held by video or teleconference. Please check the website or contact Class

Counsel if you wish to confirm that the hearing time has not been changed and to determine if it is occurring in person or by video or teleconference.

**HOW DO I GET MORE INFORMATION?**

If you are a Settlement Class Member and would like to receive additional information or to receive a copy of the long-form Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, you can obtain such information by (a) sending a letter to L Brands 401k Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson St #205, Media, PA 19063; (b) sending an e-mail to info@strategicclaims.net; (c) visiting the Settlement website at www.strategicclaims.net/lbrands401k; or (d) calling toll-free at 866-274-4004.

Exhibit C

## PLAN OF ALLOCATION

**1.1**     Each capitalized term below has the definition provided in the Agreement.

**1.2**     After the Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Plan for payments to the accounts of Participants as set forth in Paragraph 1.6 below, and to Former Participants as set forth in Paragraph 1.7 below, both in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.3**     To be eligible for a payment from the Net Settlement Amount, a person must be a Participant, Former Participant, Beneficiary, or Alternate Payee.  Participants, as well as Beneficiaries or Alternate Payees with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 1.6 below.  Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts shall receive their settlement payments in the form of either (i) rollovers to an individual retirement account or other eligible employer plan or (ii) checks, as provided in Paragraph 1.7 below.

**1.4**     Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the Participant or of the Former Participant with respect to which the payment is made.  This includes settlement payments to Beneficiaries based upon the Participant's or Former Participant's Plan account during the Class Period and/or by the Beneficiary's own Plan account during the Class Period, if an account was created in the Plan for the Beneficiary.  Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Participant's or Former Participant's allocation under this Plan of Allocation pursuant to the terms of the applicable QDRO, including Alternate Payees for whom an account was created in the Plan.  Beneficiaries and Alternate Payees with Active Accounts will receive payments by the method described in this Plan of Allocation for Participants.  Beneficiaries and Alternate Payees who do not have Active Accounts will receive payments by the method described in this Plan of Allocation for Former Participants.  The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.5     Calculation of Settlement Payments.** Payments to Participants, Former Participants, Beneficiaries, and Alternate Payees shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

> 1.5.1   The Settlement Administrator shall determine a "Settlement Allocation Score" for each Participant, Former Participant, Beneficiary, and Alternate Payee by (i) determining the year-end account balances of each Participant and Former Participant during the Class Period, or, if a Beneficiary or Alternate Payee had a separate account in the Plan during the Class Period, by determining the year-end balance of each such Beneficiary or Alternate Payee during the Class Period; and (ii) dividing the sum of each Participant's or Former Participant's, or, to the extent applicable, each Beneficiary's or Alternate Payee's, year-end account balances during the Class Period by the total sum of year-end account balances for all Class Members during the Class Period.  The Settlement

Allocation Score shall be used to calculate the *pro rata* settlement payment to each Participant, Former Participant, Beneficiary, and Alternate Payee.

1.5.2    If the dollar amount of the settlement payment to a Former Participant, or a Beneficiary or Alternate Payee who does not have an Active Account is initially calculated by the Settlement Administrator to be $10.00 or less, then that person's payment shall be $10.00.  All such amounts shall be retained in the Settlement Fund for distribution under Paragraph 1.13.

1.5.3    The Plan's Recordkeeper (or designees) shall provide the necessary data subject to its control as may be reasonably available and necessary to enable the Settlement Administrator to perform the above calculations.

1.5.4    The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Former Participants, and to Beneficiaries or Alternate Payees who do not have Active Accounts, under Paragraph 1.7 of this Plan of Allocation; and (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Participants, and to Beneficiaries or Alternate Payees who have Active Accounts, under Paragraph 1.6 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction.

1.5.5    The total amount of all rollovers or checks to be paid by the Settlement Administrator to Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, plus the total amount of all allocations that the Plan is instructed to make to Participants, and Beneficiaries or Alternate Payees who have Active Accounts, may not exceed the Net Settlement Amount.  Nothing in this Paragraph 1.5 is intended to modify the requirements of Paragraph 1.8 below.  In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized and required to make such *pro rata* changes as are necessary to the Plan of Allocation such that said total does not exceed the Net Settlement Amount.

**1.6    Payments to Participants and Beneficiaries or Alternate Payees with Active Accounts.**  Participants, and Beneficiaries or Alternate Payees who have Active Accounts, will not be required to submit a Former Participant Claim Form to receive a settlement payment.

1.6.1    Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Participants, and Beneficiaries and Alternate Payees who have Active Accounts, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Plan's Recordkeeper, with an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons.  In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers.  The Plan's

Recordkeeper shall review the spreadsheet and identify any payments that cannot be made for any reason, including that the individual no longer has an Active Account, and identify those individuals and corresponding payment amounts to the Settlement Administrator so that such payments can be made in accordance with Section 1.7 below and the data in the spreadsheet revised accordingly.

1.6.2    Thereafter, within ten (10) business days' written notice to the Plan and the Plan's Recordkeeper, the Settlement Administrator shall affect a transfer from the Settlement Fund to the trust for the Plan (or other account identified by the Plan's Recordkeeper) of the aggregate amount of all settlement payments payable to Participants, and Beneficiaries and Alternate Payees who have Active Accounts, as reflected in the spreadsheet provided by the Settlement Administrator.  Defendants (or their designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to each such person.

1.6.3    The settlement payment for each Participant who has an Active Account in the Plan (*i.e.*, has the right to make contributions to the Plan) will be invested in accordance with and proportionate to such Participant's investment elections then on file for new contributions.  If the Participant does not have an investment election on file, then such Participant shall be deemed to have directed such payment to be invested in the Plan's default investment option.  Likewise, the settlement payment to each Beneficiary and Alternate Payee who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

1.6.4    The Plan's Recordkeeper shall process all settlement payments to Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as soon as administratively feasible after the Plan receives the payment from the Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

1.6.5    The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Active Account(s) in accordance with this Plan of Allocation.

1.6.6    If, as of the date when payments pursuant to this Settlement Agreement are made, a Participant, or Beneficiary or Alternate Payee who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1, no longer has an Active Account, the individual will be treated as a Former Participant for purposes of the settlement distribution only and will receive his, her or their payment from the Settlement Administrator in the form of a check or rollover as described in Paragraph 1.7.  A Participant, or Beneficiary or Alternate Payee who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1, who no longer has an Active Account on the date of his, her or their settlement distribution need not complete a Former Participant Claim Form.

**1.7      Payments to Former Participants and Beneficiaries or Alternate Payees without Active Accounts.**  Each Former Participant and Beneficiary or Alternate Payee who does not have an Active Account will have the opportunity to elect a rollover of his, her, or their settlement payment to an individual retirement account or other eligible employer plan, which he, she, or they have identified on the Former Participant Claim Form, provided that such a person supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Former Participant, or Beneficiary or Alternate Payee who does not have an Active Account, and who has completed and returned a Former Participant Claim Form, will receive his, her, or their settlement payment directly by check.  The distributions shall be issued as follows:

> 1.7.1    The Settlement Administrator will either effect from the Settlement Fund the rollover the Former Participant or Beneficiary or Alternate Payee without an Active Account elected in the Former Participant Claim Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the settlement distribution by rollover, *or* issue a check from the Settlement Fund to the Former Participant or Beneficiary or Alternate Payee without an Active Account and mail the check to the address of such person listed in his, her, or their Former Participant Claim Form, or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

> 1.7.2    With respect to settlement payments paid by check that are not rolled over, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant or Beneficiary or Alternate Payee without an Active Account; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

**1.8**      This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments.  If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties agree to promptly discuss modifications to the terms of this Plan of Allocation and present such modified terms to the Court for its approval.  Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required.  However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website.

The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**1.9**      Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class

Member; and (e) the name of each Class Member to whom the Settlement Administrator made a payment from the Net Settlement Amount, together with the amount and form of the payment, the name of the payee, the date of payment (and, in the case of checks issued pursuant to this Plan of Allocation, the date on which the check was cashed, if any), the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

1.10    The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  Defendants and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Agreement.  To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax.  Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

1.11    Each Class Member who receives a payment under the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.  Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

1.12    All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date.  All checks that are undelivered or are not cashed before their expiration date shall revert to the Settlement Fund.

1.13    No sooner than three hundred ninety-five (395) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Settlement Fund after payments, including costs and taxes, shall be paid to the Plan for the benefit of the Plan's participants.

# Exhibit D

**Former Participant Claim Form**

If you were a participant in a defined contribution 401(k) retirement plan known as the L Brands, Inc. 401(k) Savings and Retirement Plan (the "Plan") at any point on or after November 23, 2014 through [INSERT PRELIMINARY APPROVAL DATE] (the "Class Period"), but you did not have an active Plan account with a positive balance as of [INSERT PRELIMINARY APPROVAL DATE], or if you are a Beneficiary or Alternate Payee (in the case of a person subject to a Qualified Domestic Relations Order) of such a Participant, and would like to receive a payment from the *Allison v. L Brands, Inc.* Settlement, you must complete the form below and mail it to L Brands 401(k) Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson Street, Suite 205, Media, PA 19063 to be received <u>NO LATER THAN</u> [INSERT DEADLINE TO FILE FORMER PARTICIPANT CLAIM FORM].

"Former Participant" means a person who had an active account with a positive balance in the Plan during the Class Period but who did not have an account with the Plan with a balance greater than $0 as of [INSERT PRELIMINARY APPROVAL DATE]. "Beneficiary" or "Alternate Payee" means, for the purposes of this Former Participant Claim Form, a Beneficiary or Alternate Payee of a Former Participant.

**Participant Information**

| Name | | |
|---|---|---|
| Address | | |
| Address 2 | | |
| City | State | Zip |
| Participant's Social Security Number | Phone (Preferred) | Phone (Alternate) |
| Participant's Date of Birth | | |
| Email Address | | |

**Beneficiary or Alternate Payee Information** (ONLY PROVIDE IF THIS PERSON SHOULD RECEIVE PAYMENT INSTEAD OF THE PARTICIPANT)

| | | |
|---|---|---|
| Your Name | | |
| Address | | |
| Address 2 | | |
| City | State | Zip |
| Your Social Security Number | Phone (Preferred) | Phone (Alternate) |
| Your Date of Birth | | |
| Email Address | | |

**Payment Election (choose only one)**

☐  I WANT A CHECK MADE PAYABLE TO ME AND MAILED TO ME. Choosing this  option entails the Settlement Administrator withholding 20% or more of your total payment for tax withholdings.  The Settlement Administrator will mail your check to the Name and Address listed above.

**OR**

☐  I WANT A CHECK MADE PAYABLE TO MY RETIREMENT ACCOUNT AS A ROLLOVER DISTRIBUTION. PLEASE MAKE THE CHECK PAYABLE TO:

| | |
|---|---|
| Account Name | |
| Account Number | |
| Contact or Trustee (if required) | |
| Address Line 1 | |
| Address Line 2 | |
| City, State, Zip | |

**NOTE: There is no promise or assurance that these funds are eligible for rollover or tax-preferred treatment.  The decision to seek rollover treatment is yours alone.  Any questions about taxation or rollover treatment must be directed to your tax advisor or accountant.  No one associated with this case can provide you with assistance or advice of any kind in this regard or answer any tax questions.**

**Required Certification Regarding Qualified Domestic Relations Order ("QDRO"):** I hereby certify and represent under penalty of perjury that no portion of the payment to be received hereunder is subject to a QDRO, or, that a true, accurate, and current copy of any applicable QDRO is attached hereto along with name and address of any payee other than the Class Member. Payment will be made in accordance with any QDRO supplied.

**Signature (Required):**_____ **Date:**_____

**Deceased Class Members**

Deceased Class Members are not eligible for rollover treatment. A Beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, including executors, heirs, assigns, estates, personal representatives, or successors-in-interest, must provide the following information with this Former Participant Claim Form to L Brands 401(k) Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson Street, Suite 205, Media PA 19063:

- Evidence that such person is authorized to receive distribution of the deceased Class Member's settlement payment, and the name and, if applicable, the percentage entitlement of each person entitled to receive distribution;
- Social Security Number of each person entitled to receive payment;
- Current mailing address of each person entitled to receive payment; and
- Person(s) to whom check(s) should be made payable, and amount(s) of check(s).

# Exhibit E



**Strategic Claims Services**

Phone 866.274.4004
610.565.9202
Fax 610.565.7985

strategicclaims.net

August 19, 2022

**VIA CERTIFIED MAIL**

«Name»
«Title»
«Address_1»
«Address_2»
«Address_3»
«City», «State» «Zip»

RE:     Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

Strategic Claims Services has been retained in the proposed class action lawsuit entitled *Donna Allison v. L Brands, Inc., et al.,* Case No. 2:20-CV-06018-EAS-CMV (the "Action") to provide notices required under the Class Action Fairness Act on behalf of Defendants in that Action. The Action is pending before the Honorable Edmund A. Sargus in the United States District Court for the Southern District of Ohio.

In compliance with Section 1715 of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, this letter is to advise you that a motion for preliminary approval of the settlement of the Action was filed. The Court has not yet ruled on that motion.

Defendants deny any and all wrongdoing, deny any liability to Plaintiff or the proposed settlement class, and deny that Plaintiff and the proposed class members have suffered any damages attributable to Defendant's actions.  In compliance with Section 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the original Complaint filed in the actions is provided on the enclosed CD.

2. *28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:* As of the date of this letter, the Court has not set a date for the Final Approval hearing.  Once the Court sets a hearing date, such date(s) can be found on PACER as follows: (1) enter PACER through https://www.ohsd.uscourts.gov; (2) click on "Find Case"; (3) enter the civil case number 2:20-CV-06018, (4) click on "Search"; (5) click on the link to the "Case Number" for the case "Allison v. L Brands, Inc. et al"; and (6) click on the link for "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket entry sheet.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the *Notice* is enclosed on the CD entitled "*Ex. B – Settlement Notice," "Ex. B-1 - Summary Notice of Proposed Settlement,"* as well as the "*Ex. D – Former Participant Claim Form."*

4. **28 U.S.C. § 1715(b)(4) – Proposed Class Action Settlement:** A copy of the parties' *Settlement Agreement and Release* with Exhibits is provided on the enclosed CD.

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** As of the date of this letter, no other settlement or agreement has been entered into by the parties to this Action.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment:** As of the date of this letter, no final judgment has been issued by the Court.  Once the Court enters a Final Judgment, it can be found on PACER as follows: (1) enter PACER through https://www.ohsd.uscourts.gov; (2) click on "Find Case";  (3) enter the civil case number 2:20-CV-

600 North Jackson Street • Suite 205 • Media, PA 19063

06018, (4) click on "Search"; (5) click on the link to the "Case Number" for the case "Allison v. L Brands, Inc. et al"; and (6) click on the link for "Docket Report." The Final Judgment will be found on the docket entry sheet.

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimated Proportionate Share:** Pursuant to 28 U.S.C. § 1715(b)(7), the enclosed CD contains a preliminary list of the names of class members who reside in your state and a table "Estimated Share by State" that contains the estimated proportionate share of each state's members to the entire settlement. This information is based on preliminary data related to the potential settlement class.

8. **28 U.S.C. § 1715(b)(8) – Any Written Judicial Opinion Relating to the Materials Described in (3) Through (6) Above:** The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in paragraphs (3) through (6). Upon entry, a copy of that Order or opinion can be found online through the process described in paragraph (6) above. Final judgment has not yet been entered. Upon entry, a copy of said judgment can be found online through the process described in paragraph (6) above.

If you have any questions or for any reason believe the enclosed information does not fully comply with Section 1715, please contact the Counsel for Defendants identified below, to address any concerns or questions that you may have.

**Counsel for Defendants**
Abbey Glenn
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
(202) 739-3000


Sincerely,

Strategic Claims Services

By:  Matthew Shillady
Title: Director of Operations


Enclosure – CD

# Exhibit F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA ALLISON, | : | Civil Action |
| Individually and as a representative of a class | : | No. 2:20-CV-06018-EAS-CMV |
| of similarly situated persons, on behalf of the | : | |
| L BRANDS, INC. 401(K) SAVINGS | : | |
| AND RETIREMENT PLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| L BRANDS, INC., L BRAND SERVICE | : | |
| COMPANY LLC, THE RETIREMENT PLAN | : | |
| COMMITTEE OF THE L BRANDS, INC. | : | |
| 401(K) SAVINGS AND RETIREMENT PLAN, | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

This class action came before the Court for hearing on _____, 2022 to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing.  Due notice having been given and the Court having been fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") executed by counsel on behalf of the Class Representative, all Class Members, and Defendants, respectively.

1.      The Court has jurisdiction over the subject matter of the Action and over all Parties, including all members of the Settlement Class.

2.      For the sole purpose of settling and resolving the Action, the Court certifies the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.  The Settlement Class is defined as:

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants, including members of the Administrative Committee during the Class Period.

3.      The Court finds for the sole purpose of settling and resolving the Action that:

(a)      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)      as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)      as required by FED. R. CIV. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class that the Class Representative seek to certify.

(d)      as required by FED. R. CIV. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the

Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class.

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.     The Court hereby appoints Donna Allison as Class Representative for the Settlement Class and Miller Shah LLP as Class Counsel for the Settlement Class.

5.     The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Attorneys' Fees and Expenses and Case Contribution Award to the Class Representative, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website

on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the procedure for the making of objections.  Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6.     The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.     Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's length, under the auspices of an experienced, neutral mediator, by Defense Counsel on the one hand, and by Class Counsel on behalf of the Class Representative and the Settlement Class on the other hand;

(b)     Class Representative and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Class Representative and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement—two million seven hundred fifty thousand dollars ($2,750,000)—is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal.  The method of distributing the Settlement Fund is efficient and requires no filing of claims for Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requires only a modest Former Participant Claim Form for Former Participants,

Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to attorneys' fees and expenses and a case contribution award to Plaintiff do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Class Representative and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section V of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the date of this Order. Accordingly, the Court orders that, as of the date of this Order, the Plan, the Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys)

hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Defendant Released Parties from any and all Released Claims, whether or not any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Member has executed and delivered a Former Participant Claim Form, whether or not such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11.     The Class Representative, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of Unknown Claims.

12.     The Class Representative, the Class Members, and the Plan, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Defendant Released Parties in any action or proceeding alleging any of the Released Claims.

13.     Each Class Member hereby releases the Defendant Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Fund or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     Class Counsel is awarded attorneys' fees in the amount of [no more than 33 1/3% of $2,750,000, which is $916,666.67], plus any applicable interest, such amounts to be paid out of the Settlement Fund within thirty (30) calendar days of the Effective Date of the Settlement.

The Court finds that Class Counsel's efforts in this litigation and the results achieved on behalf of the Class merit an award of the requested attorneys' fees.  Further, the Court finds that the litigation expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this litigation, such that payment of the requested litigation expenses is warranted.

15.    Plaintiff is awarded $8,750.00 as a compensatory award for reasonable costs and expenses directly relating to the representation of the Class, such amount to be paid from the Settlement Fund within thirty (30) calendar days of the Effective Date of the Settlement.

16.    The Court finds that the attorneys' fees and expenses and Plaintiff's award are fair and reasonable based on the efforts undertaken by Class Counsel and Plaintiff on behalf of the Settlement Class.

17.    The operative complaint in the Action and all claims asserted therein are hereby dismissed with prejudice and without costs to any of the Parties and Defendant Released Parties other than as provided for in the Settlement Agreement.

18.    The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement.

19.    Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

20.     In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and the Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

21.     With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

22.     Within 10 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution, and any other information as set forth in the Settlement Agreement.

23.     Upon entry of this Final Approval Order, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

24.     **Final Approval Granted**: The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

25.     **Judgment**: The Court hereby enters judgment on all claims, counts and causes of

action alleged in the Action. Notwithstanding the reservation of jurisdiction in Paragraph 15 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

SO ORDERED, ADJUDGED AND DECREED this _____ day of _____, 2022.

_____
Hon. Edmund A. Sargus
United States District Judge