UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONNA ALLISON,
        Plaintiff,

v.

L BRANDS, INC., *et al.*,

        Defendants.

Case No. 2:20-cv-6018
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

This class action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the L Brands, Inc. 401(k) Savings and Retirement Plan (the "Plan").[1] The terms of the Settlement are set out in the Settlement Agreement and Release ("Settlement Agreement"), fully executed as of August 11, 2022, by counsel on behalf of the Class Representative, all Class Members, and Defendants, respectively. (*See* Pl's Ex. 1, ECF No. 60-3.)

Pursuant to the Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on August 11, 2022, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, and with due notice having been given and the Court having been fully advised in the premises,

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

1

the Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 60) and **ORDERS** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby preliminarily certifies for settlement purposes only the following class ("Settlement Class"):

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants, including members of the Administrative Committee during the Class Period.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c) as required FED. R. CIV. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class for which the Class Representative seeks certification;

(d) as required by FED. R. CIV. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement

2

Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class; and

3. The Court preliminarily appoints Donna Allison as Class Representative for the Settlement Class and Miller Shah LLP as Class Counsel for the Settlement Class.

4. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

(a) the Settlement was negotiated vigorously and at arm's length, under the auspices of an experienced, neutral mediator, by Defense Counsel on the one hand, and by Class Counsel on behalf of the Class Representative and the Settlement Class on the other hand;

3

(b) the Class Representative and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

(c) if the Settlement had not been achieved, the Class Representative and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

(d) the amount of the Settlement—two million seven hundred fifty thousand dollars ($2,750,000)—is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Net Settlement Amount is efficient, relying substantially on Defendants' records, requiring no filing of claims for Participants, Beneficiaries, and Alternate Payees with Active Accounts, and requiring only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts.  The Settlement terms related to Attorneys' Fees and Expenses, as well as a Case Contribution Award to Plaintiff, do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Settlement Amount is within the range of settlement values obtained in similar cases;

(e) at all times, the Class Representative and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

(f) the proposed Plan of Allocation is fair, reasonable, and adequate.

5. **Establishment of Qualified Settlement Fund.**  A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of 26 C.F.R. § 1.468B-1.  The Settlement Fund shall be funded and administered in

4

accordance with terms of the Settlement Agreement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Settlement Amount to be paid; and (2) their agreement to cooperate in facilitating the provision of information that is necessary for Settlement administration as set forth in the Settlement Agreement.

The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Preliminary Approval Order or any additional orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

The Court and the Settlement Administrator recognize that there will be tax payments and withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect

5

to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating, and distributing the Settlement Fund and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered and awards are being made in accordance with the purposes of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

6.      **Fairness Hearing**. A hearing is scheduled for **January 25, 2023**, at **9:30 A.M.** to make a final determination concerning, among other things:

- any objections from Class Members to the Settlement or any aspects of it;

- whether the Settlement merits final approval as fair, reasonable, and adequate;

- whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- whether the proposed Plan of Allocation should be granted final approval; and

- whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Award to the Class Representative are fair and reasonable, and should be approved.

7.      **Settlement Notice.** The Court approves the forms of Settlement Notice attached as Exhibits B and B-1 to the Settlement Agreement and Former Participant Claim Form attached as Exhibit D to the Settlement Agreement. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim; (c) notifies the Settlement Class that Class Counsel will seek Attorneys' Fees and Expenses from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and a Case Contribution Award for the Class Representative for her service in such capacity; (d) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describes how the recipients of the Notice may object to any of the relief requested.

8.      **Settlement Administrator.** The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement. The Court directs

7

that the Settlement Administrator shall:

- By no later than 45 days after entry of this Preliminary Approval Order, cause the Settlement Notice and Former Participant Claim Form, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by electronic mail (if available) or first-class mail, postage prepaid, to the last known electronic mail address or last known mailing address of each member of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time. In addition, for each Former Participant, Beneficiary, and Alternate Payee who has not returned the Former Participant Claim Form within seventy-five (75) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send within ten (10) days thereafter a post card by electronic mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and due process.

9. **Petition for Attorneys' Fees, Litigation Costs, and Case Contribution Award.** Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Award to the Class Representative, and all briefs in support thereof, shall be filed no later than 45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order.

10. **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of final approval of the Settlement shall be filed no later than 45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order.

11. **Objections to Settlement.** Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of Attorneys' Fees and Expenses, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for a Case Contribution Award for the Class Representative. An objection must include: (a) the full name, address, and telephone

number of the objector; (b) a written statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s) and whether the objection is on behalf of the objector only, a portion of the Settlement Class, or the Settlement Class as a whole; (c) copies of any papers, brief, or other documents upon which the objection is based; (d) a list of all persons, if any, who will be called to testify in support of the objection; (e) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the previous five years; and (f) the objector's signature, even if represented by counsel. The address for filing objections with the Court is as follows:

>Clerk of Court
>U.S. District Court for the Southern District of Ohio
>85 Marconi Boulevard, Room 121
>Columbus, OH 43215
>Re: *Allison v. L Brands, Inc.*, Case No. 2:20-cv-06018-EAS-CMV (S.D. Ohio)

**The objector or his, her, their, or its counsel, if any, must file or postmark the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice <u>no later than 30 days</u> before the date of the Fairness Hearing specified in this Order**. If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than 15 days before the date of the Fairness Hearing specified in this Preliminary Approval Order. Any member of the Settlement Class or other person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no

9

later than seven days before the date of the Fairness Hearing specified in this Preliminary Approval Order. There shall be no reply briefs.

12. Any additional briefs the Settling Parties may wish to file in support of the Settlement shall be filed no later than seven days before the date of the Fairness Hearing specified in this Preliminary Approval Order

13. **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate and, if applicable, the name, address, and telephone number of the objector's attorney, with the Court by no later than 15 days before the date of Fairness Hearing specified in this Preliminary Approval Order. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses.** The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

15. **Parallel Proceedings.** Pending final determination of whether the Settlement Agreement should be approved, the Class Representative, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendant Released Parties.

16. **Class Action Fairness Act Notice.** The Court approves the form of the notice attached as Exhibit E to the Settlement Agreement and orders that upon the mailing of this notice,

10

Defendants shall have fulfilled their obligations under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq*.

17. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and the right to schedule the hearing to be done by telephone or video conference.

18. **Summary of Key Deadlines**. The Court provides the following summary of the deadlines in this matter:

- **Fairness Hearing**: January 25, 2023, at 9:30 A.M.
- **Settlement Administrator's Provision of Notice**: No later than 45 days after the entry of this Preliminary Approval Order.
- **Petition for Attorney's Fees and Briefs in Support of Final Approval of Settlement**: No later than 45 days before the date of the Fairness Hearing specified above.
- **Objectors to Provide Objections and Supporting Materials to the Court**: No later than 30 days before the date of the Fairness Hearing.
- **Notice of Appearance for Counsel to Objector:** No later than 15 days before the date of the Fairness Hearing.
- **Objector's Notice of Intention to Participate in Fairness Hearing**: No later than 15 days before the date of the Fairness Hearing.

As set forth above, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement is **GRANTED.** (ECF No. 60.) This case shall remain open.

IT IS SO ORDERED.

**9/20/2022**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**

11