# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DONNA ALLISON, *et al.*,<br>Individually and as representatives of a class of similarly situated persons, on behalf of the L BRANDS, INC. 401(K) SAVINGS AND RETIREMENT PLAN,<br><br>    Plaintiffs,<br> v.<br><br>L BRANDS, INC. L BRANDS SERVICE COMPANY, LLC, THE RETIREMENT PLAN COMMITTEE OF THE L BRANDS, INC. 401(K) SAVINGS AND RETIREMENT PLAN, and DOES No. 1-10, Whose Names Are Currently Unknown,<br><br>    Defendants. | Civil Action<br>Case No.: 2:20-cv-06018-EAS-CMV<br><br><br><br><br><br>December 9, 2022 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND CASE CONTRIBUTION AWARDS**

**TABLE OF CONTENTS**

Table of Authorities ....................................................................................................................... ii

I.   INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND ................................................................................................................ 2

III. ARGUMENT ..................................................................................................................... 4

    A.   Class Counsel are Entitled to an Award of Attorneys' Fees and Expenses from the Common Fund ........................................................................................ 4

        1.   The Requested Attorneys' Fees are Reasonable Based on the "Percentage of the Fund" Method and when Considering Class Counsel's Lodestar .... 5

    B.   Court Should Award Fees of One-Third of the Settlement Fund as a Reasonable Percentage of the Common Fund .............................................................................. 6

    C.   The Requested Fee is Reasonable Under a Lodestar Cross-Check ......................... 6

    D.   The Requested Expenses were Reasonable and Necessarily Incurred, and an Award in the Amount Requested is Appropriate ..................................................... 9

        1.   Plaintiff Should be Compensated for Her Time and Effort ...................... 10

IV.  CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adcock–Ladd v. Sec'y of Treasury*,
  227 F.3d 343 (6th Cir.2000) .................................................................................................... 5

*Arledge v. Domino's Pizza, Inc.*,
  2018 WL 5023950 (S.D. Ohio Oct. 17, 2018) ......................................................................... 8

*Blum v. Stenson*,
  465 U.S. 886 (1984) ................................................................................................................. 5

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ................................................................................................................. 4

*Clark v. Duke Univ.*,
  2019 WL 2579201 (M.D.N.C. June 24, 2019) ........................................................................ 6

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*,
  137 F.R.D. 240 (S.D. Ohio 1991) .......................................................................................... 10

*Ganci v. MBF Insp. Servs.*,
  2019 WL 6485159 (S.D. Ohio Dec. 3, 3019) .......................................................................... 7

*Gascho v. Global Fitness Holdings, LLC*,
  2014 WL 1350509 .................................................................................................................... 7

*Gunasekera v. Irwin*,
  774 F. Supp. 2d 882 (S.D. Ohio 2011) .................................................................................... 6

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ................................................................................................................. 7

*In re Broadwing*,
  252 F.R.D. (S.D. Ohio 2006) ............................................................................................... 8, 9

*In re Southeastern Milk Antitrust Litig.*,
  2013 WL 2155387 (E.D. Tenn. May 17, 2013) ................................................................... 5, 9

*Kifafi v. Hilton Hotels Ret. Plan*,
  999 F.Supp.2d 88 ................................................................................................................... 10

*Krueger v. Ameriprise Fin., Inc.*,
  2016 WL 6769066 (D. Minn. Sept. 29, 2016) ......................................................................... 6

*Lonardo v. Travelers Indem. Co.*,
  706 F. Supp. 2d 766 ............................................................................................................. 6, 7

*Pennsylvania v. Del. Valley Citizens Council for Clean Air*,
  478 U.S. 546 (1986) ................................................................................................................ 7

*Rawlings v. Prudential–Bache Props., Inc.*,
  9 F.3d 513 (6th Cir.1993) ..................................................................................................... 5, 6

*Reed v. Rhodes*,
  179 F.3d 453 (6th Cir.1999) ..................................................................................................... 5

*Savani v. URS Prof'l Sols., LLC*,
  121 F.Supp.3d 564 (D.S.C. 2015) .......................................................................................... 10

*Smillie v. Park Chem. Co.*,
  710 F.2d 271 (6th Cir. 1983) .................................................................................................... 6

*Stanley v. United States Steel Company*,
  2009 WL 4646647 (E.D. Mich. Dec. 8, 2009) ......................................................................... 5

**Rules**

Federal Rule of Civil Procedure 23(h) .................................................................................... 7, 12

Federal Rule of Civil Procedure 23 ........................................................................................... 4, 7

**Other Authorities**

7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure
  §1803, at 325 (3d ed. 2005) ..................................................................................................... 7

Manual for Complex Litigation Fourth § 21.71, at 337 (2004) .................................................... 11

Manual For Complex Litigation Fourth § 14.121 (2004) .............................................................. 8

Pursuant to Federal Rule of Civil Procedure 23 and in accordance with the Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing dated January 25, 2023 (ECF No. 62, "Preliminary Approval Order"), Plaintiff, Donna Allison ("Plaintiff"), respectfully submits this Memorandum of Law in support of her Motion requesting the following: (i) an award of attorneys' fees of one-third of the Settlement Fund ($916,666.67); (ii) reasonable and necessary litigation expenses of $26.062.30; and (iii) a case contribution award of $8,750 to Plaintiff.

## INTRODUCTION

The Settlement, which provides for the establishment of the Settlement Fund in the amount of $2,750,000.00, as well as certain non-monetary relief aimed at strengthening the fiduciary process by which the Plan is managed and administered in the future, represent significant relief to the Class. In recognition of the significant efforts of Plaintiff and Class Counsel in achieving this relief, Plaintiff seeks an award of attorneys' fees of one-third of the Settlement Amount, reasonable and necessary litigation expenses of $26.062.30, and a case contribution award of $8,750 to Plaintiff. The awards sought in this case are well within the range regularly approved by courts in this Circuit and are warranted based on the work of Class Counsel in this case and the result achieved on behalf of the Plan and Settlement Class. Moreover, the requested fees are consonant with the amount negotiated by Plaintiff as the amount that could be sought as part of the settlement of this litigation, and the amount is supported by Plaintiff, who actively participated in the litigation.

Likewise, the Court should award $8,750 to Plaintiff to compensate her for her time and service to the Settlement Class. Plaintiff devoted significant time and effort with Class Counsel

1

to research the facts of the case, review filings, collect documents for anticipated discovery, and regularly confer with Counsel about litigation strategy and the progress of settlement negotiations, culminating with Plaintiff's authorization of the Settlement.

Following entry of the Preliminary Approval Order, Strategic Claims Services ("SCS") distributed Notice consistent with the plan set forth in the Settlement and Preliminary Approval Order. *See generally* Declaration of Cornelia Vieira Concerning the Mailing of the Settlement Notice and Former Participant Claim Form ("Vieira Declaration"), a true and correct copy of which is attached as Exhibit "A." The Notice amply describes the terms of the Settlement, nature and history of the litigation, manner in which objections can be lodged, as well as the Plan of Allocation, and anticipated requests for fees, expenses and the case contribution award. The deadline for objections is December 23, 2022. To date, no objections—to the Settlement or anticipated requests for fees, expenses, and the case contribution award—have been received by Class Counsel or SCS. *See* Vieira Declaration ¶ 12; *see also* Declaration of Laurie Rubinow, a true and correct copy of which is attached as Exhibit "B," at ¶ 7. A true and correct copy of the Declaration of Jeffrey S. Goldenberg detailing local counsel's attorneys' fees and expenses is attached as Exhibit "C."

For the reasons explained more fully below, Plaintiff respectfully submits that the Court should grant the requested applications for an award of attorneys' fees, reasonable and necessary litigation expenses, and a case contribution award to Plaintiff.

## **BACKGROUND**

A more comprehensive background and procedural history related to this action, as well as the negotiation of and considerations leading to the Settlement, are set forth in the contemporaneously-filed Memorandum of Law in Support of Unopposed Motion for Final

Approval of Class Action Settlement. Accordingly, this Memorandum will only provide additional background relevant to Plaintiff's Motion for attorneys' fees and expenses, as well as a case contribution award.

The Settlement in this action followed: (a) a lengthy investigation of Plaintiff's claims on behalf of the Class, including the review and analysis of publicly available information regarding Defendants and the subject matters of this litigation (*e.g.*, Department of Labor filings, financial and press articles, analyst reports, press releases, *etc.*); (b) carefully drafting a detailed complaint; (c) consulting with experts concerning Plaintiff's claims and the Plan's losses as a result of the breaches of fiduciary duty alleged; (d) opposing and filing briefing concerning Defendants' motion to dismiss; (e) receiving and reviewing discovery information concerning management and administration of the Plan and the Plan's losses; (f) preparing for and participating in a mediation session and submitting briefs and supplemental information to the mediator; (g) successfully negotiating the Settlement; and (h) finalizing the terms of the Settlement Agreement with Defendants.

Counsel and their professionals have spent, in the aggregate, well over 1,300 hours in the prosecution of this case against Defendants, resulting in a collective lodestar of $685,000, with additional anticipated lodestar of at least $50,000 necessary to complete the representation in this matter. *See* Declaration of Laurie Rubinow ("Rubinow Declaration") ¶ 12. Accordingly, the requested award would result in a lodestar multiplier of approximately 1.36, even before additional time spent related to settlement administration and related work is considered, and would result in a modest multiplier of less than 1.25 when that conservative estimate of additional work is considered. *Id*. Counsel undertook to represent Plaintiff and the Class on a contingent basis and advanced necessary litigation expenses without any guaranty of recovery.

*See id.* ¶¶ 12, 15-16. Plaintiff remained engaged and involved in the prosecution of the action since its inception, including providing substantial information and assisting in the investigation of the Action prior to the filing of the initial pleading, providing documents to Counsel and preparing to answer discovery requests, participating in conference calls with Class Counsel, and reviewing pleadings and other court documents to stay apprised of developments in the litigation and fulfill her duties to the class. *See id.* ¶¶ 3-6.

## ARGUMENT

### A. Class Counsel are Entitled to an Award of Attorneys' Fees and Expenses from the Common Fund

Federal Rule of Civil Procedure 23 contemplates that, in the process of approving class action settlements, courts may "award reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In class action litigation, the attorneys who secure a recovery for a class are generally "entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "The court's authority to reimburse the representative parties . . . stems from the fact that the class-action device is a creature of equity and the allowance of attorney related costs is considered part of the historic equity power of the federal courts." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1803, at 325 (3d ed. 2005).

In common fund settlements, the attorneys' fee award is usually made as a percentage of the fund. By awarding fees payable from the common fund, the court spreads litigation costs proportionally among those who will benefit from the Settlement Fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Plaintiff's and Class Counsel's efforts here have resulted in a significant common fund recovery for the Class and reflect the private enforcement aims of ERISA. In light of these substantial efforts, the requested attorneys' fees of one-third of the

Settlement Fund, as well as litigation expenses that were reasonable and necessary in achieving the Settlement, are warranted.

> **1. The Requested Attorneys' Fees are Reasonable Based on the "Percentage of the Fund" Method and when Considering Class Counsel's Lodestar**

In the Sixth Circuit, district courts are directed in common fund cases to award fees to class counsel based on either the "percentage method"—which awards a percentage of a common fund as attorneys' fees—or the "lodestar method" —which considers the time spent by attorneys multiplied by their hourly rates. *See Rawlings v. Prudential–Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir.1993) ("[W]e conclude that use of either the lodestar or percentage of the fund method of calculating attorney's fees is appropriate in common fund cases, and that the determination of which method is appropriate in any given case will depend upon its circumstances.").[1] Currently, "the trend in the Sixth Circuit is 'toward adoption of a percentage of the fund method' in common fund cases." *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013) (citing *Stanley v. United States Steel Company*, 2009 WL 4646647 (E.D. Mich. Dec. 8, 2009)). "[T]he vast majority of courts of appeal now permit or direct district courts to use the percentage-fee in common-fund cases." Manual For Complex Litigation Fourth § 14.121.

Here, Class Counsel's engagement agreement with Plaintiff provides for a contingent fee of up to one-third of the recovery in the action. Rubinow Decl., ¶ 8. In recognition of the factors discussed herein, Courts frequently award attorneys' fees in the amount of one-third of a

---

[1]To determine the market rate for attorneys' fees, courts in this Circuit assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Courts "may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir.2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471–72 (6th Cir.1999)). Here, the relevant market rate should reflect prevailing national rates for attorneys experienced in complex litigation, and particularly, ERISA actions.

common fund in ERISA class action settlements. *See Clark v. Duke Univ.*, 2019 WL 2579201 (M.D.N.C. June 24, 2019) ("A one-third fee is consistent with the market rate in complex ERISA matters such as this and reflects a customary fee for like work."); *see also Krueger v. Ameriprise Fin., Inc.*, 2016 WL 6769066, at *2 (D. Minn. Sept. 29, 2016) (collecting cases). As set forth below, the requested fee is also fair and reasonable under the Sixth Circuit's percentage approach and reasonable when considering Class Counsel's lodestar in the case.

### B. The Court Should Award Fees of One-Third of the Settlement Fund as a Reasonable Percentage of the Common Fund

Although district courts have discretion to choose between the percentage-of-the-fund and the lodestar method in awarding attorneys' fees in common fund case, *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 788–89 (citing *Rawlings*, 9 F.3d 513 at 516), the Sixth Circuit favors the percentage-of-the-fund method, especially where the percentage accurately reflects and compensates counsel for "the results achieved." *Rawlings*, 9 F.3d at 516. Use of the percentage-of-recovery method is particularly appropriate for ERISA class action settlements. "In this circuit, we require only that awards of attorneys' fees by federal courts in common fund cases be reasonable under the circumstances." *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983). Given the embrace of the percentage-of-the-fund method by a majority of district courts in the Sixth Circuit and throughout country, the Court should award fees here as a percentage of the common fund established by the Settlement.

### C. The Requested Fee is Reasonable Under a Lodestar Cross-Check

Although the Court is not required to perform a lodestar cross-check, courts within the Sixth Circuit may do so, and consider attorneys' fees to be reasonable if they approximate what counsel would receive from calculating a multiple of hours reasonably expended in the litigation by a reasonable hourly rate. *See Gunasekera v. Irwin,* 774 F. Supp. 2d 882, 887 (S.D. Ohio

2011); *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986) ("Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled."). Courts also consider the reasonableness of a fee award by analyzing "the reasoning used in adopting a particular methodology and the factors considered in arriving at the fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In addition, in considering an upward departure from a lodestar amount, Courts look to the results of the litigation as a "crucial factor" when awarding attorneys' fees. *Hensley*, 461 U.S. at 433. The Sixth Circuit supports that a lodestar cross-check for contingent fee awards in common fund settlement can support the reasonableness of the award requested. *See Lonardo* 706 F. Supp. 2d at 789 ("The Court may then adjust the lodestar figure up or down based on a number of factors designed to account for case-specific circumstances.") (citation omitted). Here, the requested fee award represents only a small risk premium for Class Counsel's efforts—which they undertook on a contingent basis with no guarantee of payment—of approximately 1.25 times their total ultimate lodestar. *See* Rubinow Declaration ¶ 12.

The reasonableness of a one-third fee award is further justified by the risk of litigation and the relief Class Counsel ultimately obtained for the Settlement Class. The Sixth Circuit concluded that:

> Class Counsel should be awarded for the risk of undertaking representation on a contingent basis, especially considering the complexity of this action and the professional skill of opposing counsel. Further, limiting an award to [just] a percentage of the actual recovery by Allowed Claimants . . . could dissuade counsel from undertaking similar consumer class actions in the future.

*Gascho*, 2014 WL 1350509, at *34; *see also Ganci v. MBF Insp. Servs.*, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 3019) ("Society has a stake in rewarding attorneys who achieve a result

7

that the individual class members probably could not obtain on their own."). Counsel took this case on a contingent basis and invested significant time, money, and resources to advance the Action while understanding the potential of recovering nothing. There "is a benefit to society in ensuring that claimants with smaller claims may pool their claims and resources, and attorneys who take on class action cases enable this." *Arledge v. Domino's Pizza, Inc.*, 2018 WL 5023950, *4 (S.D. Ohio Oct. 17, 2018). In light of those assumed risks and societal rewards, it is appropriate to award one-third of the fund in attorneys' fees.

In addition to the monetary relief achieved for the Settlement Class, the Settlement provides for meaningful non-monetary relief aimed at strengthening the fiduciary process employed to manage and administer the Plan in the future. Where, as here, the settlement includes substantial affirmative relief, such relief must be considered in evaluating the overall benefit to the class. *See* Manual for Complex Litigation (Fourth) § 21.71, at 337 (2004).

In complex ERISA litigation, plaintiffs and counsel face significant challenges in proving liability, loss causation, and damages. *See In re Broadwing,,* 252 F.R.D. at 382 (S.D. Ohio 2006). This case is no exception. The Parties were engaged in vigorous litigation when they agreed to the Settlement and further litigation promised to be lengthy and complex, involving numerous competing experts on liability issues concerning Plaintiffs' claims and Defendants' defenses, as well as the Plan's alleged losses. The Parties likely would have filed additional dispositive motions and pretrial motions, including motions concerning the anticipated expert testimony. Therefore, this factor weighs in favor of approval of the requested fee award.

In addition, the result achieved and the quality of the services provided are important factors to be considered in determining the amount of reasonable attorneys' fees under a percentage-of-fund analysis. Despite the significant risk to recovery in this litigation, Class

Counsel successfully obtained a substantial cash settlement for the Class that amounts to over 85% of the damages that Class Counsel determined were realistically recoverable. *See* Rubinow Decl. ¶ 17. Class Counsel has extensive experience handling cases among the most complicated filed in Federal courts, including in the specialized field of ERISA litigation. *See* Rubinow Decl. ¶ 13. In addition, the firm leveraged its experience and resources to thoroughly evaluate the merits and risk of this litigation, and successfully negotiate the Settlement.

The response of the Class to the Settlement also bears on this analysis. While the deadline to object or request for exclusion from the Class as not yet passed, it is notable that, to date, there has not been a single objection from a member of the Settlement Class to the requested fee award, or any of the related applications, after due notice of the anticipated applications was provided to all members of the Settlement Class. *See* Vieira Decl. ¶ 12. This reception to the Settlement and related applications is a further indication of Counsel's skillful and quality representation of Plaintiffs in this litigation, and supports the fee request.

### D. The Requested Expenses were Reasonable and Necessarily Incurred, and an Award in the Amount Requested is Appropriate

Class Counsel are entitled to reimbursement of litigation expenses of $26,062.30 advanced in prosecuting this case. Fed. R. Civ. P. 23(h). "Expense awards are customary when litigants have created a common settlement fund for the benefit of a class." *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387, at *8 (citation and internal quotation marks omitted). Reasonable and necessary expenses may include such items as "photocopying, postage, travel, lodging, filing fees and Pacer expenses, long distance telephone, telecopier, computer database research, depositions expenses, and expert fees and expenses." *Broadwing*, 252 F.R.D. at 382.

Class Counsel brought this case without guarantee of reimbursement or recovery. Class Counsel seeks reimbursement for expenses in these categories. *See* Rubinow Decl. ¶ 12. That

the Class Notice indicated that Plaintiffs and Class Counsel anticipated seeking an award of expenses, and no objections have been made to the anticipated request for reimbursement of expenses, indicates further support for the request.

### 1. Plaintiff Should be Compensated for Her Time and Effort

The Settlement Agreement also provides for an anticipated application for an incentive award to Plaintiff of $8,750 for serving as a class representative. Incentive awards are appropriate in class actions to compensate individuals for their effort to protect the interests of the class, spending their own time to achieve benefits for the class as a whole. *See Savani v. URS Prof'l Sols., LLC*, 121 F.Supp.3d 564, 577 (D.S.C. 2015) (citing *Kifafi v. Hilton Hotels Ret. Plan*, 999 F.Supp.2d 88, 105 n. 9 (D.D.C. 2013) ("A substantial incentive award is appropriate in [a] complex ERISA case given the benefits accruing to the entire class in part resulting from [named plaintiffs'] efforts.").

Consistent the Sixth Circuit standards, Plaintiff's participation was critical to the case's ultimate resolution.

> The Courts in this circuit review the following factors when considering a request for class representative incentive awards: (1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*,137 F.R.D. 240, 250 (S.D. Ohio 1991). Plaintiff was engaged in all phases of this complex litigation, including providing substantial information and assisting in the investigation of the Action prior to the filing of the initial pleading, providing documents to Counsel and preparing to answer discovery requests, participating in conference calls with Class Counsel, and reviewing pleadings and other court

documents to stay apprised of developments in the litigation and fulfill their duties to the class. *See* Rubinow Decl. ¶ 6. Plaintiff also participated in settlement discussions on an ongoing basis and was in touch with Class Counsel during the mediation. *See id*. Thus, service award of $8,750 is warranted in recognition of Plaintiff's time and efforts on behalf of the Plan and the Settlement Class.

Further, notice of Plaintiff's intention to seek the requested case contribution awards was presented to the Settlement class and, to date, no member of the Settlement Class has objected to such awards or the amount, providing more support that the requested awards are reasonable. The Independent Fiduciary's report will also separately evaluate the requested case contribution awards and provide the Court an independent basis to determine that such requests are fair and reasonable.

## **CONCLUSION**

Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Attorneys' Fees, Expenses, and Case Contribution Awards.

DATED: December 9, 2022                                   Respectfully submitted,

/s/ *James C. Shah*
James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
           ajberin@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
      lrubinow@millershah.com


Kolin C. Tang
Ronald S. Kravitz
MILLER SHAH LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com
      rskravitz@millershah.com


Jeffrey Scott Goldenberg
Todd B Naylor
Goldenberg Schneider, LPA
4445 Lake Forest Drive
Suite 490
Cincinnati, OH 45242
513-345-8291
Fax: 513-345-8294
Email: jgoldenberg@gs-legal.com
      tnaylor@gs-legal.com

*Attorneys for Plaintiff, the Plan and the Proposed Settlement Class*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I certify that this Memorandum complies with the page and type requirements under Local Rule 7.2(a)(3) because it is less than 20 pages double-spaced.

*/s/ James C. Shah*
James C. Shah

**CERTIFICATE OF SERVICE**

I certify that, on December 9, 2022, I caused the foregoing document to be filed using the Court's CM/ECF system, which thereby sent notice to all counsel of record.

*/s/ James C. Shah*
James C. Shah