**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DONNA ALLISON, Individually and as a representative of a class of similarly situated persons, on behalf of the L BRANDS, INC. 401(K) SAVINGS AND RETIREMENT PLAN,<br><br>        Plaintiff,<br><br>   v.<br><br>L BRANDS, INC. BRANDS SERVICE COMPANY, LLC, THE RETIREMENT PLAN COMMITTEE OF THE L BRANDS, INC. 401(K) SAVINGS AND RETIREMENT PLAN, and DOES No. 1-10, Whose Names Are Currently Unknown,<br><br>        Defendants. | Case No.: 2:20-cv-06018-EAS-CMV |

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, ATTORNEYS' FEES AND EXPENSES, AND
CASE CONTRIBUTION AWARD**

Plaintiff, Donna Allison, ("Plaintiff"), on behalf of the proposed Settlement Class and the L Brands, Inc. 401(k) Savings and Retirement Plan ("Plan"), respectfully submits this Reply Memorandum of Law in Further Support of her Unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Case Contribution Awards ("Motion") pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval entered on September 20, 2022 ("Preliminary Approval Order").  *See* ECF No. 62.  Defendants, L Brands, Inc, L Brands Service Company, LLC and the Retirement Committee of the L Brands, Inc. 401(k) Savings and Retirement Plan (collectively, "Defendants" and with Plaintiff, the "Parties") do not oppose the Motion.[1]

The Settlement resolves this Action in its entirety, establishing a Settlement Fund of $2,750,000.00 for the benefit of the Settlement Class and providing meaningful prospective relief for the Plan.  As detailed in Plaintiff's Motion, the Settlement is the product of contested litigation between parties represented by highly experienced counsel, thorough discovery, and extensive arm's-length negotiations conducted with the assistance of David Geronemus, an experienced neutral mediator.  The Settlement represents a very favorable result for the Settlement Class in light of the substantial risks and challenges Plaintiff and the Settlement Class would face in proving liability and defeating Defendants' affirmative defenses and arguments in response, as well as the costs and delays of continued litigation, including summary judgment, trial, and possible appeals, which would occur absent the Settlement.

The Settlement should be finally approved as it is fair, reasonable, and adequate under all of the circumstances and the familiar factors employed by courts within the Sixth Circuit when

---

[1]Terms not defined herein shall have the same meaning as in the Settlement Agreement (ECF No. 60-3).

reviewing settlements.  Courts in the Sixth Circuit determine whether a settlement is fair, adequate and reasonable considering the following seven factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.  *See Bailey v. White*, 320 F. App'x 364, 367 (6th Cir. 2009); *see also Poplar Creek Dev. Co. v. Chesapeake Appalachia*, LLC, 636 F.3d 235, 344 (6th Cir. 2011); *UAW v. Gen Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Williams v. Vukovich*, 720 F.2d 922 (6th Cir. 1983).

The Independent Fiduciary appointed for purposes of reviewing the Settlement and related applications for fees and costs has reviewed, approved, and authorized the Settlement on behalf of the Plan in accordance with the Department of Labor Regulation PTE 2003-39.  *See* ECF No. 66-2, Independent Fiduciary Memo for the Settlement in *Allison v. L Brands, Inc., et al.* dated December 12, 2022 ("Independent Fiduciary Report").  The Independent Fiduciary Report describes the detailed review conducted by the Independent Fiduciary, which included review of the pleadings, relevant filings, mediation statements, Settlement papers, Plan of Allocation, and applications for Attorneys' Fees and Expenses and Case Contribution Awards, as well as separate interviews with counsel for Parties as well as the Mediator, and related follow-up.  *See id.*, at 1.  The Independent Fiduciary Report authorizes the Settlement in its entirety and the Independent Fiduciary has determined not to object to any aspect of the Settlement.  *See id.*, at 3, 5.  The Independent Fiduciary Report provides an additional strong basis for the Court to find the Settlement is fair, reasonable, and adequate.

Similarly, the reaction of the Settlement Class has been overwhelmingly positive.  As an initial matter, over 22,800 members will automatically receive the benefit of the Settlement.  *See ECF* No. 65-2, Declaration of Cornelia Vieira Concerning the Mailing of the Settlement Notice and Former Participation Claim Form ("Vieira Declaration") ¶ 13.  In addition, 2,404 eligible members have submitted Former Participant Claim Forms.  *See id.*

The deadline for submission of any objections was December 23, 2022.  *See* ECF No. 62, Preliminary Approval Order ¶ 11.  As of the deadline, neither the Settlement Administrator nor Class Counsel have received *any* objections to the Settlement, and none have been filed on the docket.  In fact, Class Counsel have received numerous inquiries from members of the Settlement Class responding positively to the Settlement and assisted such Settlement Class members with the submission of claims.  "Once preliminary approval has been granted, a class action settlement is presumptively reasonable, and an objecting class member must overcome a heavy burden to prove that the settlement is unreasonable."  *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 550 (S.D. Ohio 2000) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).  The reaction of the Settlement Class and the significant lack of objections further confirms the fairness, adequacy, and reasonableness of the Settlement, the Plan of Allocation, and the request for Attorneys' Fees, Expenses, and Contribution Award.  Courts have opined that a small number of objections can be viewed as indicative of the adequacy of a settlement.  In considering the weight of any objections, "the Court must view the agreement in its entirety, rather than isolating individual components of the agreement for analysis."  *Bronson v. Bd. of Educ. of City School Dist. of City of Cincinnati*, 604 F.Supp. 68, 78 (S.D. Ohio 1984) (internal citations omitted).  Thus, the complete lack of objections here decisively supports final approval.

In additional to the lack of objections to the Settlement, there have been no objections to the request for Attorneys' Fees, Expenses, and Case Contribution Award.  Not only are the amounts requested reasonable as discussed in detail in the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Case Contribution Award, but the fact that the Settlement Administrator has received no objections further supports approval of the amounts requested.  Similarly, since there have been no objections to the Attorneys' Fees, Expenses, and Contribution Award as discussed in the Notice, the Court should grant final approval to the Settlement.

In preliminarily approving the Settlement, the Court found that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23 and the Settlement is fair, reasonable, and adequate.  *See* ECF No. 62, Preliminary Approval Order ¶ 4.  The Court's previous findings, coupled with the positive reaction of the Settlement Class, support findings that certification of the Settlement Class may be maintained through entry of a final judgment, and the Settlement and related applications are fair, reasonable, and adequate, and warrant final approval.

Accordingly, Plaintiff respectfully requests that the Court: (1) grant final approval of the Settlement and enter the [Proposed] Final Approval Order and Judgement;[2] (2) enter an order awarding Class Counsel attorneys' fees in the amount of one-third of the Settlement Fund and reimbursement of costs actually and reasonably incurred by Class Counsel; and (3) award $8,750 to Plaintiff as a Case Contribution Award.

---

[2]The [Proposed] Final Approval Order and Judgement is Exhibit A to the Settlement.  *See* 60-3. Plaintiff would be pleased to provide a word processing (*e.g.*, Microsoft Word) version if helpful to the Court.

Dated: January 18, 2023

Respectfully submitted,

*/s/ Jeffrey S. Goldenberg*
Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Goldenberg Schneider, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
513-345-8291
Fax: 513-345-8294
Email: jgoldenberg@gs-legal.com
            tnaylor@gs-legal.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
            lrubinow@millershah.com

James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
            ajberin@millershah.com

Kolin C. Tang
Ronald S. Kravitz
MILLER SHAH LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com
            rskravitz@millershah.com

*Attorneys for Plaintiff, the Plan
and the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to all counsel of record.

 s/ Jeffrey S. Goldenberg
Jeffrey S. Goldenberg